818 F.2d 1114
 46 Fair Empl.Prac.Cas. 1743,
43 Empl. Prac. Dec. P 37,161
UNITED STATES of America, Plaintiff-Appellant,
v.
Jay GREGORY, Sheriff of Patrick County, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jay GREGORY, Sheriff of Patrick County, Defendant-Appellant.
 Nos. 86-3121, 86-3122.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 2, 1987.
Decided May 19, 1987.
 
 Irving Gornstein, Dept. of Justice (William Bradford Reynolds, Asst. Atty. Gen.; Jessica Dunsay Silver, Dept. of Justice on brief), for plaintiff-appellant.
 Anthony Paul Giorno, Co. Atty., for the County of Patrick, Virginia for defendant-appellee.
 Before HALL, and CHAPMAN Circuit Judges, and TIMBERS, Senior Circuit Judge for the Second Circuit, United States Court of Appeals, Sitting by Designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 The Sheriff of Patrick County, who is the appellee in this case, and his predecessor have failed to employ women in certain deputy positions. The district court, held that the positions of road deputy, investigator deputy and supervisor deputy in this rural county are within the "personal staff" of the sheriff, thus exempting such positions from the coverage of Title VII. The district court also found that the sheriff's express prohibition against the employment of female officers within Patrick County's all-male jail was justified as a bona fide occupational qualification. We reverse both determinations, holding that the narrow exception to Title VII for personal staff does not encompass these road deputy positions, and that the appellee has failed to prove that the county could not have feasibly made the employment of female correctional officers possible through reasonable modification of the prison facility and job functions.
 
 I.
 
 2
 Patrick County is a sparsely populated, rural county, with a relatively large land area. The sheriff is elected, and his department consists of twenty-three individuals, including "sworn officers" or deputies. The deputy classification includes four road deputies, two investigators, two supervisors, two court security officers, five correctional officers, one process server, and two "clerk-steno" matrons. The sheriff at the time that most of the alleged discriminatory incidents occurred was Sheriff Williams, who was defeated at election by Sheriff Gregory, the substituted defendant in this case.
 
 
 3
 Four women instigated this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. Stephanie Ressel alleged that she was denied the position of courtroom security officer and that the position was given to a male whom the district court found less qualified than Ressel. The district court granted Ressel back pay but refused to award interest. Doris Scales was refused a job as a deputy allegedly because of her gender. Wanda Hylton, who also applied for a deputy position, claims that she was told by the sheriff that he would not consider hiring a woman as a deputy. Hylton was eventually hired a dispatcher, but in time left the department. The other appellant, Kathy Sheppard, was according to the sheriff offered a position as a road deputy, which she refused. Sheriff Williams then made her civil process server, a promotion from her dispatcher position. After Sheriff Williams lost the next election, Sheriff Gregory abolished the position of civil process server. Sheppard argues that Gregory's action violated Title VII.
 
 
 4
 The district court did not reach the merits of most of the appellants' contentions, nor did it address the justifications proffered by the appellee. Instead, the district court concluded that several of the deputy sheriff positions fell within the "personal staff" exception to Title VII.[1] The court concluded that a road deputy is a personal staff position because the deputy is the "alter-ego and personification of the sheriff in the geographical area to which he is assigned.... They are the eyes and ears of the sheriff, not only for matters which fall within their official sphere but also as to matters political." The court further held that this determination implied the finding that the investigator and supervisor positions are also within the personal staff, because those positions require experience as a road deputy.
 
 
 5
 It appears that certain appellants were also denied an opportunity to work as correctional officers in the county jail because of the sheriff's express policy to exclude female guards from the all-male jail. The district court found that a correctional officer is not a personal staff position, but that being a male is a bona fide occupational qualification for that position. The court reasoned that, because the jail houses male inmates only, and because some of the duties of the correctional officers require personal contact and unclothed circumstances with the inmates, a female officer could create embarrassment for both the officer and the inmates. Thus the district court found that the exclusion of females was made in furtherance of a bona fide occupational requirement.
 
 
 6
 Regarding the courtroom security position, the district court held that the personal staff exemption is not applicable, and that the sheriff discriminated against Ressel in filling that position. In calculating the amount of Ressel's back pay award, the court noted that she had been employed for three months during the period for which back pay was sought. The court found that although she worked for her husband without pay, she benefited indirectly. The court thus refused to grant Ressel interest on her back pay award.
 
 
 7
 Finally, the district court found that Sheriff Gregory's decision to abolish the position of process server was based on budgetary constraints, and was not a pretext for discrimination. The district court also refused to grant the United States prospective relief, reasoning that the only victim of discrimination, Ressel, did not want a job with the department, and that in any event, the present sheriff had not engaged in any act of discrimination.
 
 II.
 Title VII defines the term "employee" as:
 
 8
 ... an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office....
 
 
 9
 42 U.S.C. Sec. 2000e(f).
 
 
 10
 This court has twice interpreted the scope of the "personal staff" exception to the coverage of Title VII. In Curl v. Reavis, 740 F.2d 1323 (4th Cir.1984), the question presented was whether the position of dispatcher/matron fell within the sheriff's personal staff. The court noted that the question was one of federal law, with state law relevant only insofar as it describes the plaintiff's position, including his duties and the manner in which he is hired, supervised, and fired.[2]
 
 
 11
 The court in Curl concluded that the plaintiff was not a member of the sheriff's personal staff. The opinion lists many reasons for the finding: (1) the plaintiff was not called upon to make policy for the sheriff's department, nor to act as an immediate advisor to the sheriff with respect to his constitutional or legal powers; (2) Congress intended for the exemption to be construed narrowly, to apply only to those individuals who are in highly intimate and sensitive positions of responsibility on the staff of the elected official; (3) the plaintiff's position was created and compensated by the county pursuant to state law; (4) her working relationship with the sheriff was never "highly intimate and sensitive;" (5) she did not occupy a high position within the chain of command, and her duties were primarily clerical and secretarial; and (6) she was not under the sheriff's personal direction. We were very careful to note that the decision in Curl did not create a per se rule for deputies, because the personal staff exception requires a careful examination of the nature and circumstances of each case.
 
 
 12
 In Brewster v. Barnes, 788 F.2d 985 (4th Cir.1986), the issue presented was whether the position of corrections officer fell within the personal staff exemption. We held that it did not, based on an inquiry into the nature and circumstances of the plaintiff's role in the sheriff's department. The focus of this inquiry was on the time period in which the plaintiff had been a corrections officer, and did not include the substance of any prior relationship between the officer and the sheriff. We concluded that the close relationship which had formerly existed had ended once the plaintiff assumed the position at the jail. Thus, because the plaintiff did not occupy an intimate or high level position, and because she did not render advice in formulating policy decisions, she was not a member of the sheriff's personal staff.
 
 
 13
 Based on our examination of the multiple features of the relationship between the sheriff of Patrick County and his deputies, we cannot say as a matter of law that the deputy position falls within the personal staff exception to the coverage of Title VII. The road deputies in Patrick County function primarily as typical policeman who administer the laws and the "policies" of their superiors. There is no evidence that the road deputies are called upon to render advice to the sheriff respecting his policy decisions or the proper exercise of his powers. The road deputy position in Patrick County is not one high within the chain of command, nor do these road deputies occupy a highly intimate and sensitive status vis-a-vis the sheriff. The fact that Patrick County is rural and concomitantly employs a rather small police staff does not by itself render the position of road deputy within the sheriff's personal staff. Although we could assume that, with a small deputy contingent, the relationship between the deputies and the sheriff might be close, the appellee has simply failed to show that that closeness has engendered a highly intimate relationship which influences the making of policy.
 
 
 14
 We therefore reverse the district court's conclusion that the road deputy position fell within the personal staff exception to Title VII. The appellants are entitled to pursue their remedies under Title VII, and we remand to the district court for further proceedings on the merits of the appellants' claims.[3]
 
 III.
 
 15
 Sections 703(e) of Title VII permits gender-based discrimination when gender "is a bona fide occupational qualification [BFOQ] reasonably necessary to the normal operation of that particular business or enterprise." The Supreme Court in Dothard v. Rawlinson, 433 U.S. 321, 97 S.Ct. 2720, 53 L.Ed.2d 786 (1977), held that maleness was a BFOQ in a particularly inhospitable penitentiary, characterized by rampant violence and containing many sex offenders. The position for which the plaintiff in that case had applied was a "contact" prison guard: one who would work in continual close proximity to inmates. The court noted that the BFOQ exception was meant to be an extremely narrow exception to the general prohibition of gender discrimination.
 
 
 16
 Before a defendant prison can claim entitlement to the BFOQ exception to Title VII contained in Sec. 703(e), it must demonstrate why it cannot reasonably rearrange job responsibilities within the prison in order to minimize the clash between the privacy interests of the inmates and the safety of the prison employees on the one hand and the non-discrimination requirement of Title VII on the other. Gunther v. Iowa State Men's Reformatory, 612 F.2d 1079 (8th Cir.), cert. denied, 446 U.S. 966, 100 S.Ct. 2942, 64 L.Ed.2d 825 (1980). The burden of proof is on the employer-defendant to establish a BFOQ, and it appears that the defendant below offered no evidence demonstrating why it could not accommodate, through the reasonable modification of the facility and job functions, female corrections officers. We therefore reverse.
 
 IV.
 
 17
 Stephanie Ressel was refused the position of correctional officer in favor of a male whose objective qualifications were less. The district court found in favor of Ressel on her claim, but denied the award of interest on her back pay on the grounds that she had indirectly benefited by her employment with her husband's business.
 
 
 18
 A decision whether to award prejudgment interest as a component of relief is entrusted to the discretion of the district court. Albemarle Paper Company v. Moody, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). Appellant argues that the proper remedy for this indirect benefiting from Ressel's employment during the interim between the sheriff's rejection of her for the position and the date of trial is to deduct the value of her services to her husband from the back pay award and then to provide interest on the reduced award. Although the district court could certainly have employed this alternative method, we do not find its decision to refuse the award of interest to be an abuse of discretion.
 
 
 19
 The appellee argues that the district court's decision to award back pay to Ressel constitutes an abuse of discretion, because the award of full back pay violates the "make whole" philosophy of Title VII and imposes a punitive sanction as well as a remedial sanction upon appellee. This decision is also within the discretion of the trial court, Albermarle Paper Company, supra, and the appellee has simply presented no persuasive argument that the district court abused that discretion.
 
 
 20
 Finally, the appellee argues that the finding of the district court in favor of Ressel on this claim was not supported by the evidence. The district court, after finding that Ressel had established a prima facie case, apparently decided that the sheriff had failed to articulate properly a justification (a "factor other than sex") for the alleged discriminatory action, which articulation would have required the plaintiff to establish that the reason provided by the defendant was a mere pretext for unlawful gender discrimination. The court's findings of fact are protected by Fed.R.Civ.P. 52(a), and the appellee has offered no cogent argument that the district court's findings and conclusions are clearly erroneous.
 
 V.
 
 21
 The parties have presented a host of other issues which, in light of our resolution of the issues above, we can treat in summary fashion. First, the appellant argues that the district court erred in denying prospective relief. The appellant desires a permanent injunction and a mandated recruitment program. Because we have remanded the primary issues in this case to the district court for further proceedings, the district court will be able to decide after such proceedings and findings of fact whether prospective relief is appropriate, and in what form. We also decline to address the appellee's argument that the appellant's claim for injunctive relief is moot. That issue is not ripe for appeal until the district court determines the appropriateness vel non of remedial measures.
 
 
 22
 Next, the appellee argues that the extension of Title VII to cover states and state officers violates the Tenth Amendment. Specifically, appellee argues that Congress acted unconstitutionally when it extended the definition of "employer" to include state and local governments. Appellee cites the decision in Equal Employment Opportunity Commission v. Wyoming, 460 U.S. 226, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983), which held (by a vote of 4-1-4) that the extension of the Age Discrimination in Employment Act (ADEA) to the states was a legitimate exercise of Congressional power pursuant to the commerce clause.
 
 
 23
 The court in Wyoming, supra, held that Congress' application of the ADEA to the states was permissible despite the Tenth Amendment limitations outlined in National League of Cities v. Usery, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). Since the Wyoming decision, the Supreme Court has issued its opinion in Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), which expressly overruled National League of Cities, thus effectively abolishing the limitations on the reach of the commerce clause contained in National League of Cities. See Garcia, the Seventeenth Amendment, and the Role of the Supreme Court in Defending Federalism, 10 Harv.J.Law & Pub.Pol. 189 (1987). Moreover, the Supreme Court has demonstrated its willingness to create exceptions for Title VII actions in the case of Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), which created an exception to the usual prohibition against suits seeking retroactive monetary damages from a state. The appellee's brief argument in support of the unconstitutionality of Title VII is without merit.
 
 
 24
 The appellee also argues that, under Fed.R.Civ.P. 19, the failure of the appellant to join the Commonwealth of Virginia State Compensation Board requires dismissal of the action, because that party is a necessary party to the suit. The question is whether relief can be afforded to the plaintiff without the presence of the absent party, and whether the case can be decided on its merits without prejudicing the rights and interests of the absentee. Because we remand this case on the grounds referred to above, any joinder problems can be rectified in the district court.
 
 
 25
 Finally, the appellee argues that the sheriff's good faith in regard to limiting the position of corrections officer to males only precludes a finding of a Title VII violation. The Supreme Court in Albermarle Paper Company v. Moody, 422 U.S. 405, 422, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1974), stated that Title VII recognizes a complete but very narrow immunity for employer conduct shown to have been undertaken in good faith in reliance upon an opinion of the EEOC. It appears, however, that a more general good faith defense has not been recognized, and we decline to create one here.
 
 
 26
 We reverse the findings of the district court regarding the personal staff exception to Title VII as to road deputies and the finding that maleness is a bona fide occupational qualification for a position in the corrections facility. We remand to the district court for further proceedings consistent with this opinion.
 
 
 27
 AFFIRMED IN PART; REVERSED IN PART; REMANDED.
 
 
 
 [1]
 In its first decision on this case, the district court held that all deputy sheriffs within Patrick County fell within the "personal staff" exemption to Title VII. This court, United States v. Gregory, 84-1613 (4th Cir. Oct. 1, 1985), directed the district court to reconsider its decision in light of this court's opinion in Curl v. Reavis, 740 F.2d 1323 (4th Cir.1984)
 
 
 [2]
 The court stated that the fact that the employee served at the sheriff's pleasure was irrelevant to a Title VII claim, citing Lewis v. Blackburn, 734 F.2d 1000, 1004 (4th Cir.1984), reversed on other grounds, 759 F.2d 1171 (4th Cir.1985) (en banc ), cert. denied, --- U.S. ----, 106 S.Ct. 228, 88 L.Ed.2d 228
 
 
 [3]
 Because the appellants only applied for the position of road deputy, and because they could not have applied for the positions of supervisor and investigator, as those higher positions required significant experience, we decline to decide whether the positions of investigator and supervisor fall within the personal staff exception to Title VII