**Tammie JOHNSON, Elizabeth York, Judy O'Connor, and Patricia Caudill, Plaintiffs,**

v.

**BOARD OF COUNTY COMMISSIONERS FOR the COUNTY OF FREMONT, and Bob Cheek, in his official capacity, Defendants.**

**Civ. A. No. 93–K–2465.**

United States District Court, D. Colorado.

July 29, 1994.

Richard C. LaFond, Arnold M. Woods, Denver, CO, for plaintiffs.

William L. Senter, Peter H. Doherty, Denver, CO, for The Board.

Cathy H. Greer, Hall & Evans, Denver, CO, for Cheek.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Plaintiffs Johnson, York, O'Connor, and Caudill bring claims of gender discrimination pursuant to 42 U.S.C. § 2000e–17 ("Title VII") against the Board of County Commissioners ("Board") and the former Sheriff of Fremont County, Bob Cheek. Plaintiffs allege Cheek subjected Johnson, York, and O'Connor to sexual harassment while they were employed as dispatchers and Caudill to sexual harassment and discrimination while she was employed as a deputy sheriff.

In this motion for summary judgment, the Board claims it cannot be held liable for the alleged misconduct of Cheek under Title VII. It bases this claim upon three theories: (1) the Board is not Plaintiffs' employer for purposes of Title VII liability, (2) assessing damages against the Board would violate the Tenth Amendment of the United States Constitution, and (3) even if the Board is Plaintiffs' employer, Title VII does not protect Plaintiffs as members of Cheek's personal staff.

### I. Standard of Review.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

### II. Title VII Employers and the Board of County Commissioners.

The Board asserts it must have "control" of employment activities to be considered an employer and it is unable to control the employment activities of the Fremont County Sheriff's Department ("FCSD"). It cites Boire v. Greyhound Corp., 376 U.S. 473, 482, 84 S.Ct. 894, 899, 11 L.Ed.2d 849 (1964) which is inapposite. There, the Supreme Court found, under the National Labor Relations Act, an employment relationship could exist between a bus terminal operator and employees of an independent cleaning and maintenance contractor. The Court indicated the existence of such a relationship depends upon whether the bus terminal operator "possessed sufficient indicia of control." Id., at 481, 84 S.Ct. at 899.

The Board contends the sheriff alone is responsible for hiring his deputies and dis-

patchers. *See, e.g.* Colo.Rev.Stat. § 30–10–506, 12A (1986 Repl.Vol.). Further, the powers of the Board, set forth at Colo.Rev.Stat. § 30–11–107, 12A (1986 Repl.Vol.), do not authorize it to supervise the sheriff, nor do they establish any type of employer-employee relationship with the sheriff or his staff. Finally, the Board notes the salary of a sheriff is largely determined by the general assembly and the removal of any county officer can only be accomplished by a recall of the registered electors. *See,* Colorado Constitution, Article XIV, § 8. The Board points out it can only suspend a sheriff when he is found guilty of a felony or infamous crime. *See,* Colo.Rev.Stat. § 30–10–105, 12A (1986 Repl.Vol.). Therefore, the Board claims it has no power to control the conduct of the sheriff.

Relying on *Anne Owens v. Rush,* 636 F.2d 283, 286–87 (10th Cir.1980), Plaintiffs contend an employee of a sheriff's department is a county employee for Title VII purposes, regardless of whether the county is in a position of control.[1] In *Anne Owens,* a deputy sheriff brought suit against the sheriff's office under Title VII. The Tenth Circuit held a county sheriff is an agent of the county and is liable as an "employer" as it is defined under Title VII, even though the sheriff's department employed fewer than fifteen employees.[2] *Id.,* at 287. Plaintiffs conclude an employee of a sheriff's department must be a county employee under Title VII. Although the county was named as a defendant in *Anne Owens,* the court did not address this issue. Implicit in the decision, however, is that sheriff's department employees are county employees for the purposes of Title VII.

■ The authorities indicate control is a decisive factor in determining whether an employment relationship exists under Title VII. In *Tafoya v. Adams,* 612 F.Supp. 1097, 1105 (D.Colo.1985), I found a recreation supervisor for the Department of Parks and Recreation for the City and County of Denver was an agent and was liable as an employer under Title VII because the supervisor participated in "managerial decisions" and "had control over plaintiff's employment conditions." *See also, Fields v. Hallsville Independent School Dist.,* 906 F.2d 1017, 1019 (5th Cir.1990) ("the right to control an employee's conduct is the 'most important factor'" for determining the existence of an employment relationship); *Wilson v. Bailey,* 934 F.2d 301, 304 (11th Cir.1991) (holding that personnel board, unable to make final decisions in the issuance of promotions, is not an "employer" under Title VII); *Vanguard Justice Society, Inc. v. Hughes,* 471 F.Supp. 670 (D.Maryland 1979); *Sibley Memorial Hospital v. Wilson,* 488 F.2d 1338, 1342 (D.C.Cir.1973).

■ Control, however, need not be exclusive. Here, the Board is responsible for allocating funds to the FCSD. This power over funding provides the Board with control over Plaintiffs' working conditions. *See e.g., Anne Owens,* where the Tenth Circuit commented, "[c]ontrol over funding gives the Board immense potential power over the employment practices of the Sheriff's department." 636 F.2d at 286 n. 3. In *Manley v. Mobile County, Alabama,* 441 F.Supp. 1351, 1355 (S.D.Alabama 1977), the court found a "sufficient nexus" between the county and the sheriff's department to establish the county as an officer's employer. The court focused on the county's ability to affect the employment conditions of the sheriff's department:

> [T]he legislature ... [requires] the Mobile County Commission ... to provide the Sheriff with such quarters, supplies, and equipment as are reasonably necessary for the operation of his office. Therefore, any money judgment against the Sheriff or his department alone would have substantially less meaning or efficacy since Mobile County provides the financial underpinnings for the county law enforcement division.

---

1. Under Colo.Rev.Stat. § 30–11–105 (1986 Repl. Vol.), a plaintiff must name the Board of County Commissioners as defendant when it presents a claim against a county.

2. 42 U.S.C. § 2000e(b) defines employers, in part, as persons who employ fifteen or more employees.

*Id.,* at 1356. *See also, Curran v. Portland Superintending Sch. Comm.,* 435 F.Supp. 1063, 1073 (D.Maine 1977) (finding that the city's role in funding made it liable under Title VII to employee hired and controlled by school board); *Howard v. Ward County,* 418 F.Supp. 494, 501 (N.D.1976). Given the intent of the statute to protect employees, its compass must be liberally construed to achieve that purpose. The Board has the necessary authority to fulfill its responsibility to these employees. I hold it is Plaintiffs' employer for purposes of Title VII.

### III. *Tenth Amendment and Title VII.*

 The Board argues a damage award against Fremont County ("County") would intrude upon the state function of establishing an autonomous sheriff's department, thereby violating the Tenth Amendment doctrine of state immunity. In *E.E.O.C. v. Wyoming* the Supreme Court stated the purpose of this doctrine is "not to create a sacred province of state autonomy, but to ensure that the unique benefits of a federal system in which the States enjoy a ' "separate and independent existence," ' . . . not be lost through undue federal interference in certain core state functions." 460 U.S. 226, 236, 103 S.Ct. 1054, 1060, 75 L.Ed.2d 18 (1983) (citations omitted). The Court held the extension of the Age Discrimination in Employment Act to cover state and local governments was a valid exercise of Congress' power under the Commerce Clause and was not precluded by the constraints of the Tenth Amendment. *Id.* at 235–44, 103 S.Ct. at 1059–64. The Court summarized the requirements which must be satisfied to show congressional commerce power legislation is invalid:

> "First, there must be a showing that the challenged statute regulates the 'States as States.' Second, the federal regulation must address matters that are indisputably 'attributes of state sovereignty.' Third, it must be apparent that the State's compliance with the federal law would indirectly impair their ability 'to structure integral operations . . . .' "

*E.E.O.C. v. Wyoming,* 460 U.S. 226, 237, 103 S.Ct. 1054, 1060–61, 75 L.Ed.2d 18 (1983) (quoting *Hodel v. Virginia Surface Mining & Reclamation Assn. Inc.,* 452 U.S. 264, 287–88, 101 S.Ct. 2352, 2366, 69 L.Ed.2d 1 (1981)).

The Board has failed to articulate how an award of damages against the County satisfies these requirements. Moreover, in *United States v. Gregory,* 818 F.2d 1114, 1119 (4th Cir.1987), the court held the extension of Title VII to cover states and state officers does not violate the Tenth Amendment. Accordingly, I find a Title VII damage award against the County would not violate the Tenth Amendment.

### IV. *Personal Staff Exception to Title VII.*

The Board contends Plaintiffs are not "employees" within the meaning of Title VII because they are members of the sheriff's personal staff. Under Title VII an employee is defined as:

> an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office.

42 U.S.C. § 2000e(f). The Board suggests the sheriff's exclusive power of selection and retention of employees is sufficient to establish the "personal staff" exception.

 The Board's contention, however, stands the statute on its head. The exception is intended to preserve the accountability which elected officials have to the electorate. It is intended to hold elected officials responsible for their actions; it is not intended to strip ordinary employees of elected officials of the rights bestowed on similarly situated wage earners.

 The personal staff exception is a question of federal law, with state law only relevant as it defines the plaintiff's position and duties. *Calderon v. Martin County,* 639 F.2d 271, 273 (5th Cir.1981). In *Nichols v. Hurley,* 921 F.2d 1101, 1110 (10th Cir.1990), the divided court found deputy sheriffs and an undersheriff to be members of the sheriff's personal staff and exempt from coverage

under the Fair Labor Standards Act ("FLSA"). The personal staff exception in the FLSA is "essentially identical" to the Title VII exception. *Id.* at 1103. The court noted the deputy sheriffs were given broad discretion in designated geographical areas of the county, which enabled them to represent the sheriff in the eyes of the public, and that it could "assume a certain level of intimacy from the nature of a deputy sheriff's role in a small county." *Id.* at 1111. However, in *United States v. Gregory,* 818 F.2d 1114, 1117 (4th Cir.1987), the court held despite the possibility of a close relationship between a deputy sheriff and sheriff in a small office, the appellee failed to show that the "closeness engendered a highly intimate relationship".

The Fifth Circuit, in *Teneyuca v. Bexar County,* 767 F.2d 148, 152 (5th Cir.1985), found a district attorney's power to appoint assistants and the fact that the assistants represent the district attorney in the eyes of the public were enough to shift the burden of production to the plaintiff in a summary judgment motion based on the personal staff exception. The plaintiff failed to present any evidence in response to the defendant's motion, and the court granted summary judgment. *Id.* at 153.

 Congress intended the personal staff exception to Title VII to be "construed narrowly." *Joint Explanatory Statement of Managers at the Conference on H.R. 1746,* 1972 U.S.Code Cong. & Admin.News 2137, 2180. *See also, Anderson v. City of Albuquerque,* 690 F.2d 796, 801 (10th Cir.1982). In *Teneyuca,* the court listed some relevant factors for determining whether a plaintiff is a member of an elected official's personal staff:

(1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only the elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a consider-

able amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.

767 F.2d at 151.

 The most important factor is the last. In *Anderson v. City of Albuquerque,* 690 F.2d at 801, the court held the personal staff exception required an "immediate and personal relationship." 690 F.2d at 801; *see also, U.S. v. Gregory,* 818 F.2d at 1117 (finding that closeness must engender a "highly intimate relationship"); *Curl v. Reavis,* 740 F.2d 1323, 1328 (4th Cir.1984); *Nichols v. Hurley,* 921 F.2d at 1111 (assuming employment intimacy from nature of deputy sheriff's role in small county).

In *James Owens v. Rush,* the court observed Congress wanted the exception "to apply only to those individuals who are in highly intimate and sensitive positions of responsibility on the staff of the elected official." 654 F.2d 1370, 1375 (10th Cir.1981). The court found an undersheriff, second in authority to the sheriff, to be a member of the sheriff's personal staff. The undersheriff admitted he had "a very close working relationship with the sheriff." *Id.* at 1376.[3]

 The "nature and circumstances" of the employment relationship determine whether the personal staff exception applies. *Id.* The Board fails to show how Plaintiffs, as dispatchers and deputy sheriff, had intimate employment relationships with Cheek. The mere fact Cheek had the exclusive power to hire and fire Plaintiffs does not establish the intimate and personal employment relationship that is necessary between an elected official and his personal staff. Furthermore, there is no indication that Plaintiffs represented Cheek in the eyes of the public; the Board has failed to establish Plaintiffs' positions within Cheek's chain of command. *See, Teneyuca,* 767 F.2d at 151.

"[T]he highly factual nature of the inquiry necessary to the determination of the 'per-

---

**3.** In a companion case, *Anne Owens v. Rush,* 636 F.2d 283 (10th Cir.1980), the court allowed a deputy sheriff's Title VII claim to go forward, implying that the deputy sheriff was not a member of the sheriff's personal staff.

sonal staff' exemption does not lend itself well to disposition by summary judgment." *Id.* at 152. The Board has failed to established an absence of a genuine issue of material fact sufficient to justify summary judgment.

### V. *Conclusion.*

For the aforesaid reasons, I deny the Board's motion for summary judgment. Accordingly,

IT IS ORDERED THAT the Board of County Commissioners for Fremont County's Motion for Summary Judgment is DENIED.