Marian ROBERTSON, Paula Ace, Betty L. Anderson, Clinton Coffin, James E. Crone, Jeff Littlefield, David D. Martin, Joleen Northrup, Bruce E. Snelson, Vince Talty, Gregory A. Thiel, Timothy W. Willert, and Mary Ann Wooldridge, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF MORGAN, Defendant.

No. 96–B–629.

United States District Court, D. Colorado.

Nov. 21, 1997.

Jeffrey Menter, Greenwood Village, CO, Sheryl S. Wongwai, Englewood, CO, for plaintiffs.

Pamela Skelton, Hall & Evans, LLC, Denver, CO, George N. Monsson, County Attorney, Fort Morgan, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This is a Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* action. Federal question jurisdiction is asserted under 28 U.S.C. § 1331 and the FLSA. Defendant, Board of County Commissioners of the County of Morgan, Colorado (the Board), moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). After consideration of the motion, briefs, and counsels' argument I will deny the motion to dismiss.

## I.

Plaintiffs are present and former Morgan County employees working in the Sheriff's Office as patrol officers, investigators, and jail officers and in the Communications Center as dispatchers. Plaintiffs allege that for several years the Board has violated the FLSA by: 1) failing to pay employees compensation for all hours worked; 2) failing to pay required overtime; 3) violating FLSA section 207(o) in their treatment of compensatory time in lieu of overtime pay; and 4) calculating improperly or refusing to pay "on call" and "waiting time" hours.

## II.

Currently, the operative complaint is the amended complaint filed October 19, 1995. However, also pending is plaintiffs' motion to file second amended complaint which I will grant. Also, the parties have fully briefed the issues before me in light of the proposed second amended complaint. Therefore, I will analyze the motion to dismiss as applied to the proposed second amended complaint.

A. *Motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1)*

■ The Board asserts that, pursuant to the Eleventh Amendment of the United States Constitution, it is immune from plaintiffs' suit because, as a political subdivision of the state, it is entitled to share in the immunity from suit enjoyed by the State of Colorado. Section 24–10–102, C.R.S. The Board argues that the United States Supreme Court's holding in *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), requires dismissal of this action for lack of jurisdiction because Congress did not act pursuant to a valid exercise of power when it subjected the states to FLSA actions brought by individuals in federal court. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974). The parties do not dispute that the Board is a political subdivision of the State of Colorado. *See Romer v. Board of County Comm'rs for Weld County,* 897 P.2d 779, 782 (Colo.

1995); *Board of County Comm'rs of Dolores County v. Love,* 172 Colo. 121, 470 P.2d 861 (1970). Also, the parties agree that the State of Colorado has not waived its Eleventh Amendment immunity from FLSA suits in federal court.

In the 10th Circuit, as well as in every federal jurisdiction that has considered the issue, the Supreme Court's holding in *Seminole Tribe* precludes the federal courts from hearing wage and overtime claims brought under the FLSA by a citizen against his or her state. *Aaron v. State of Kansas,* 115 F.3d 813, 817 (10th Cir.1997) (citations omitted). In this case, the Board asserts that as a "political subdivision" of the State of Colorado, it shares in the state's immunity from suit under the FLSA. I disagree.

The Eleventh Amendment to the United States Constitution provides:

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

United States Constitution, Amend. XI. The Eleventh Amendment extends to federal court suits by all persons against a state. *Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 304, 110 S.Ct. 1868, 1872, 109 L.Ed.2d 264 (1990). Thus, where there is no federal question jurisdiction under the FLSA as to the State, entities which are viewed as "the State" are also immune from suit under the FLSA.

Determination of whether an entity sued is an arm of the state or a political subdivision of the state for purposes of Eleventh Amendment immunity is a matter of federal law and is made by examining the relationship between the state and the entity being sued. *Garcia v. Board of Educ. of Socorro Consol. School Dist.,* 777 F.2d 1403, 1407 (10th Cir. 1985). Also, the determination whether an entity is protected by the Eleventh Amendment is made by examining the powers, nature and characteristics of the entity under state law. *Mount Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977); *Ambus*

*v. Granite Bd. of Educ.,* 995 F.2d 992, 994 (10th Cir.1993); *Meade v. Grubbs,* 841 F.2d 1512, 1525 (10th Cir.1988).

In *Mascheroni v. Board of Regents of University of California,* 28 F.3d 1554 (10th Cir.1994), the Tenth Circuit stated:

> [t]he threshold Eleventh Amendment issue is whether the [county] is an arm of the state for Eleventh Amendment purposes. The Eleventh Amendment arm–of–the-state doctrine bestows sovereign immunity on entities created by state governments that operate as alter egos or instrumentalities of the states.... Under the arm-of-the-state doctrine, courts classify state governmental bodies according to a dichotomy, in which arms of the state enjoy Eleventh Amendment immunity, whereas political subdivisions such as counties and cities do not.

*Id.* at 1559.

 In determining whether a governmental entity is entitled to Eleventh Amendment immunity I consider several factors including 1) the characterization of the entity under state law; 2) the guidance and control exercised by the state; 3) the degree of state funding received by the entity; and 4) whether the entity may levy taxes or issue bonds. *Sonnenfeld v. City and County of Denver,* 100 F.3d 744, 749 (10th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1819, 137 L.Ed.2d 1027 (1997); *Ambus v. Granite Bd. of Educ.,* 995 F.2d 992, 994–97 (10th Cir.1993). *See also Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 279–80, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977). The most important factor in determining whether a governmental entity is entitled to Eleventh Amendment immunity is whether a judgment against it would be paid from the state fisc. *Sonnenfeld,* 100 F.3d at 749 citing *Hess v. Port Authority Trans–Hudson Corp.,* 513 U.S. 30, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994).

1. *Characterization of the entity under state law*

There no dispute that under Colorado state law, the Board is characterized as a political subdivision of the State of Colorado. *See Romer v. Board of County Comm'rs for Weld County,* 897 P.2d 779, 782 (Colo.1995); *Board of County Comm'rs of Dolores County v. Love,* 172 Colo. 121, 470 P.2d 861 (1970). It is also true that the State of Colorado intends for its counties to participate in state immunity from suit, to the extent that such immunity is not expressly waived. Sections 24–10–102, 103(5), and 106, C.R.S. However, despite a state court's determination that an entity is entitled to share in the state's sovereign immunity, the extent of Eleventh Amendment immunity is a question of federal law. *Ambus v. Granite Bd. of Educ.,* 995 F.2d 992, 995 (10th Cir.1993). "To the extent that the [state] law of sovereign immunity reflects a substantive disagreement with the extent to which governmental entities should be held liable for their constitutional violations, that disagreement cannot override the dictates of federal law." *Howlett v. Rose,* 496 U.S. 356, 377–78, 110 S.Ct. 2430, 2443–44, 110 L.Ed.2d 332 (1990). Thus, Colorado's intent to extend its immunity to its counties is not determinative but rather is one factor I consider in deciding whether the Board is immune from suit under the FLSA.

2. *Guidance and control exercised by the state*

To evaluate the guidance and control exercised by the state over the Board, I look to the powers the state has granted to the Board. I also evaluate the degree to which the state has input into how the Board exercises these powers.

The Board is granted, statutorily, the power to, *inter alia*, make orders concerning county property, manage county expenses, build and maintain county buildings, levy taxes, make loans in the name and for the benefit of the county, hold county elections, manage county roads, acquire land for, construct, and maintain airports, negotiate with other boards and with the state board for agricultural extension services, create county offices for the efficient management of county business, provide budgetarily for services for the aged, make assessments for sidewalk and curb construction and maintenance, provide for cultural, historic and architectural preservation, contract for energy conservation, and, subject to the provisions of § 29–1–

101, C.R.S., adopt and administer the annual county government operating budget. § 30–11–107(1)(a)–(ff) and (2)(a). Moreover, every decision made by the Board in exercising its budget-making power is presumed a valid exercise of power. § 30–11–107(2)(b). Also, the State may only control the Board's actions pursuant to specific statutory provisions or subject to provisions of the state constitution.

In balancing the broad powers of the Board against the relatively narrow control the State retains over the Board's actions, I conclude that this factor weighs against finding that the Board is entitled to Eleventh Amendment immunity.

### 3. *Degree of state funding received by the Board*

I have been unable to determine the precise amount of state funding which the Board receives. However, in light of the Board's power to levy taxes and issue bonds, *see 4, infra,* for purposes of this analysis, I find that the degree of state funding provided to the Board is not significant. Thus, this factor mitigates against finding immunity for the Board.

### 4. *Power to levy taxes or issue bonds*

The board of county commissioners has the power to levy taxes, § 30–11–107(d)(1), C.R.S. and to issue revenue bonds, § 30–26–505(1)(a). Therefore, this factor also weighs against finding the Board immune from suit under the FLSA.

### 5. *Source of payment of judgment against the Board*

"When a judgment is given and rendered against a county of this state in the name of its board of county commissioners, . . . when the judgment is for money and is a lawful county charge, the same may be paid by the levy of a tax upon the taxable property of said county. . . . The board of county commissioners [may also] pay[ ] any such judgment by a warrant drawn by them upon the ordinary county fund in the county treasury." § 30–25–104(1), C.R.S.

Four out of the five foregoing factors, including the most heavily weighted factor, the source of payment of a judgment against the Board, point towards the finding that the Board is not entitled to Eleventh Amendment immunity. Applying the factors outlined above, I hold that the Board does not participate in the State of Colorado's Eleventh Amendment immunity from suit for alleged violations of the FLSA. Accordingly, I will deny the Board's motion to dismiss based on this ground.

The Board argues that *Romer v. Board of County Comm'rs for the County of Weld, State of Colorado,* 897 P.2d 779, 782 (Colo. 1995) holds that as a political subdivision of the state, a county is part of the state government. However, as previously stated, despite a state court's determination that an entity is entitled to share in the state's sovereign immunity, in the final analysis, the extent of Eleventh Amendment immunity is a question of federal law. *Ambus v. Granite Bd. of Educ.,* 995 F.2d 992, 995 (10th Cir. 1993).

### B. *Standing*

■ The Board argues that as employees of the sheriff, the plaintiffs do not have standing to sue them. I disagree.

■ Colorado Revised Statute section 30–10–506 provides:

Each sheriff may appoint as many deputies as he may think proper, for whose official acts and those of his undersheriff he shall be responsible, and may revoke such appointments at his pleasure. Persons may also be deputized by such sheriff or undersheriff in writing to do particular acts; the sheriff and his sureties shall be responsible on his official bond for the default or misconduct of his undersheriff and deputies.

The power to appoint deputies belongs to the sheriff exclusively. *Tihonovich v. Williams,* 196 Colo. 144, 582 P.2d 1051, 1055 (1978). Deputy sheriffs serve at the will of the county sheriff, the only exception being in home rule counties if the electorate has provided a different method for appointment and removal of deputies. *See City and County of Denver v. Rinker,* 148 Colo. 441, 366 P.2d 548

(1961). It is undisputed that Morgan County is not a home rule county. Thus, the authority for personnel decisions lies with the sheriff. This does not mean, however, that the sheriff is the entity responsible for payroll policies and procedures such as payment of overtime or compensatory time.

■ An elected county sheriff is an agent of the county for all matters "committed to his discretion" including the hiring and firing of employees. *See Owens v. Rush*, 636 F.2d 283, 286 fn. 3 (10th Cir.1980). The sheriff also designates the salary amount of his/her employees. However, the Board must approve the amount of the salaries. § 30–2–106, C.R.S. Moreover, the sheriff's budget must be approved and funded by the Board. This funding power provides the Board with practical and effective control over the actions of the elected sheriff. *See Id.* at 287; *Johnson v. Board of County Comm'rs for the County of Fremont*, 859 F.Supp. 438, 441 (D.Colo. 1994). Thus, the Board may be sued in an action concerning personnel matters. § 30–11–101(1)(a) and § 30–10–522, C.R.S.; *Cortese v. Black*, 838 F.Supp. 485, 496 (D.Colo.1993). Also, plaintiffs have alleged an "injury in fact"—the failure of the Board to pay them for overtime, compensatory time, on-call time, and "waiting" time. Therefore, plaintiffs have standing to bring this action. *Committee to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 447 (10th Cir. 1996). I will deny the Board's motion to dismiss on this ground.

### C. *Motion to dismiss for failure to state a claim upon which relief may be granted*

Under Rule 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied. *Id.* In reviewing the sufficiency of the complaint, all well-pled facts, as opposed to conclusory allegations, must be taken as true. *Weiszmann v. Kirkland &*

*Ellis*, 732 F.Supp. 1540, 1543 (D.Colo.1990). All reasonable inferences must be liberally construed in the plaintiff's favor. *Id.*

### 1. *Claim 1–Overtime Pay*

■ The Board seeks dismissal of claim one because "[p]laintiff's [c]omplaint does not contain a single allegation of fact which, if true, would constitute a violation of any provision of the FLSA." Mtn. to Dismiss Brief p. 9. I disagree.

In its second amended complaint, plaintiffs allege that they worked in the sheriff's office as patrol officers, investigators and jail officers and in the Morgan County Communications Center as dispatchers. C/O ¶ 2. The dispatcher plaintiff also alleges that for 3 years before filing her complaint, she worked "without being paid at least the regular rate for all hours up to 40 hours each week and one and one-half times the hourly rate for hours in excess of forty (40) per week." C/O ¶ 9. The sheriff's office employees allege that they worked "without being paid at least their regular rate for hours up to 171 hours in various 28–day periods and one and one-half times their hourly rate for hours in excess of 171 hours for various 28–day periods." C/O ¶ 9.

It is true that in this unartfully drawn complaint, plaintiffs do not state, specifically, under which FLSA section the first claim for relief is brought. However, the complaint states that "jurisdiction is invoked pursuant to 29 U.S.C. § 201, *et seq.*" Therefore, under this "umbrella" statement, the allegations in paragraphs 4 through 9 state a claim under § 207(a) brought by the dispatchers and a § 207(k) claim by the patrol officers, investigators, and jail officers. I will deny the motion to dismiss claim one.

### 2. *Claim 2—Preliminary Time*

The Board seeks denial of plaintiffs' motion to file proposed second amended complaint adding claim 2 for preliminary time because the amendment would be futile. Resp. to Mtn. to Amend Complaint, p. 3.

Plaintiffs seek to add claim two for preliminary time to obtain recompense for time spent "prior to their normally scheduled shift

to receive a shift briefing or engage in other preliminary work." C/O ¶ 21. Citing *Barefield v. Village of Winnetka*, 81 F.3d 704, 710 (7th Cir.1996), the Board argues that addition of this claim would be futile because, as a matter of law, "time in pre-shift briefings may be offset by paid break time." However, the *Barefield* ruling was made in the context of cross-motions for summary judgment supported by evidence. Thus, resolution of this issue is premature.

### D. *Failure to establish requisites of FLSA representative action pursuant to 29 U.S.C. § 216(b)*

■ The Board moves to strike allegations 11 through 15 of plaintiffs' second amended complaint because plaintiffs fail to establish the necessity of a representative action. Citing *Shushan v. University of Colorado at Boulder*, 132 F.R.D. 263, 268 (D.Colo.1990), the Board states that to maintain a representative action under § 216(b), plaintiffs must fulfill the class action requirements of Fed. R.Civ.P. 23. However, in *Bayles v. American Medical Response of Colorado, Inc.*, 950 F.Supp. 1053, 1066 (1996), I adopted the *ad hoc* approach to representative actions as typified by *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987), *vacated in part on other grounds*, 122 F.R.D. 463 (D.N.J.1988). Under the *ad hoc* approach, at the notice stage, nothing more is required than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan...." *Bayles*, 950 F.Supp. at 1067 quoting *Sperling v. Hoffman–La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J.), *judgment aff'd, in part, appeal dismissed in part*, 862 F.2d 439 (3d Cir.1988), *judgment aff'd and remanded*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

Plaintiffs' allegations in the second amended complaint are, at this stage, adequate. Therefore, I will deny the motion to strike.

### E. *Standing*

The Board also argues that because plaintiffs fail to allege facts essential to a determination of jurisdiction, they lack standing to sue. Having found the allegations adequate in the second amended complaint, I will deny the Board's motion to dismiss based on lack of standing.

### F. *Motion to Intervene*

Gary Wilson, Travis Hodge, and Vicki Nida move to intervene in this action pursuant to Fed.R.Civ.R. 24(b)(2). In its objection to the motion, the Board reasserts its arguments based on lack of standing and Eleventh Amendment immunity from suit. However, as previously discussed, these arguments are without merit. According to information contained in the motion to intervene, the plaintiffs have claims which contain questions of law or fact in common with the current plaintiffs. Therefore, I will exercise my discretion and grant the motion to intervene.

Accordingly, it is ORDERED that:

1. plaintiffs' motion to file second amended complaint is GRANTED;

2. defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED;

3. defendant's motion to dismiss for failure to state a claim is DENIED;

4. defendant's motion to strike allegations 11 through 15 of the second amended complaint is DENIED;

5. proposed plaintiffs' motion to intervene is GRANTED;

6. plaintiffs' motion to lift stay is GRANTED;

7. the parties shall submit a proposed joint scheduling order by Tuesday, December 23, 1997; and

8. a status/further scheduling conference is set for 8 a.m. on Tuesday, December 30, 1997, in Courtroom C–502, 1929 Stout Street, Denver, Colorado.