Anne OWENS, Plaintiff–Appellant,

v.

Joseph F. RUSH, Executor et al. Defendants–Appellees.

No. 79–1269.

United States Court of Appeals, Tenth Circuit.

Dec. 15, 1980.

**284**

Fred W. Phelps, Jr., Topeka, Kan., for plaintiff–appellant.

George E. Erickson, Jr., Topeka, Kan., for defendant–appellee Leonard M. Robinson.

Robert E. Tilton of Tilton, Dillon & Beck, Topeka, Kan., for defendants–appellees Joseph F. Rush, Executor of the Estate of Albert E. Rush, deceased. (With him on the brief: Bill Baldock, Alma, Kan., for defendants–appellees Wabaunsee County, Kansas, and Wabaunsee County Commissioners).

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

In 1970, plaintiff Anne Owens and her husband, James Owens, were hired by the Sheriff's department of Wabaunsee County, Kansas. Plaintiff was hired primarily to do clerical work, although she was later promoted to the status of a deputy. Throughout the term of her employment, plaintiff was dissatisfied with certain aspects of her employment, particularly her pay. The Sheriff, defendant Rush, often petitioned the Board of County Commissioners (Board) to obtain pay raises for her and other employees.

In late 1975, in order to comply with Kansas law, two additional jailers were hired and a "head jailer" position was created. The Board offered this position to one man, but Sheriff Rush refused to employ him. Subsequently, the Sheriff offered the position to a male employee who had been hired as a live–in jailer–janitor in 1974. Although his functions changed little as a result of the promotion, the head jailer received a higher monthly salary than plaintiff. Plaintiff was not made aware of the availability of the position, and it was not offered to her.

The two jailers hired in late 1975 were paid on an hourly basis. Because of the amount of hours they worked, they also received a higher effective salary than the set monthly salary paid to plaintiff. Pay disparity caused dissention and dissatisfaction in the office. On January 20, 1976, plaintiff sent a letter to the Board. She complained that she was receiving less pay than the male jailers and suggested that the county was in violation of the Equal Pay Act. She recommended that the Board either raise her salary or lower the salaries of the three male employees.

The Board accepted the plaintiff's suggestion and lowered the salaries of the three male jailers. However, the Sheriff successfully restored the jailers' pay levels a

week later. On March 2, 1976, plaintiff contacted her attorney. On that same date, the Sheriff first learned of plaintiff's January 20 letter to the Board.

On March 3, 1976, plaintiff drove with her husband to Topeka, Kansas, to see her attorney. The Sheriff and the County Attorney, defendant Robinson, also drove to Topeka to see if the Owenses had gone to their attorney's office. The Sheriff decided to discharge both plaintiff and her husband. On the advice of Robinson, however, he postponed the discharge. From March 4 to March 12, Robinson telephoned the clerk of the district court each day to determine if a suit had been filed by the Owenses. On March 12, 1976, both plaintiff and her husband were served notices of termination by the Sheriff.

On March 15 plaintiff and her husband filed suit in federal district court. Plaintiff alleged discrimination in pay and promotion. The Owenses both charged retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §§ 1983 and 1985. The district court properly dismissed all claims based on §§ 1983 and 1985 "for the reasons given in *Abeyta v. Town of Taos*, 499 F.2d 323 (10th Cir. 1974)." Record, vol. 1, at 71. The court later dismissed the remaining Title VII claim of James Owens on the grounds that he was a member of the Sheriff's "personal staff" under 42 U.S.C. § 2000e(f), and thus lacked standing. The propriety of that dismissal is currently under advisement in this court (*James Owens v. Rush*, No. 78–1753).

The Title VII suit of plaintiff Anne Owens proceeded to trial. Following a full evidentiary hearing, the court issued extensive findings of fact and conclusions of law. The court found that plaintiff had not been discriminated against on the basis of pay or promotion. On the retaliatory discharge claim, the court found:

[The Sheriff] had good reasons for dissatisfaction with the job performance of plaintiff. This decision to terminate plaintiff, however, followed so closely upon his discovery of plaintiff's author-

ship of the January 20 letter and his discovery of plaintiff's visit to an attorney that it is more reasonable to conclude these two factors predominated in the decision to discharge plaintiff.

Record, vol. 1, at 121. The court concluded that "plaintiff has demonstrated a violation of § 704(a) [42 U.S.C. § 2000e–3(a)] in the circumstances surrounding her discharge by Rush." Record, vol. 1, at 142.

Despite its finding of retaliatory discharge, however, the court dismissed plaintiff's Title VII action. The court concluded that the Sheriff's office was not an "employer" for purposes of Title VII because it did not employ "fifteen or more employees for each working day in each of twenty or more calendar weeks" as required by 42 U.S.C. § 2000e(b). The court also concluded that the Sheriff was not an "agent" of Wabaunsee County for purposes relevant to this suit. Accordingly, the court dismissed the action for lack of subject matter jurisdiction. Plaintiff appeals that dismissal, as well as the court's finding that she suffered no discrimination in pay and promotion.

The district court wrote an extensive, well–reasoned opinion. Its factual findings all find substantial support in the record. The court's finding that plaintiff was not the victim of discrimination in pay or promotion is fully supportable as is its finding of retaliatory discharge. Although plaintiff could possibly have presented a colorable § 1983 claim for deprivation of a liberty interest or discharge for exercising first amendment rights, her second amended complaint did not adequately present such claims and the court did not address them. See *Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976). Similarly, the court properly dismissed the Title VII action against defendant Robinson. Even if he is an agent of the County, plaintiff is not one of "his employees" as required by 42 U.S.C. § 2000e–3(a). The only problem we find with the district court's analysis lies in its determination that plaintiff cannot recover under Title VII because she did not bring suit against any "employer" within the statutory definition of that term.

Section 704(a) of Title VII, 42 U.S.C. § 2000e–3(a), makes it an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter." The district court found that the Sheriff had violated this provision, but denied relief because the Sheriff was not an "employer" for purposes of Title VII.

The term "employer" includes "governments, governmental agencies [and] political subdivisions" that have "fifteen or more employees . . ., and any agent of such [government, government agency or political subdivision]." 42 U.S.C. § 2000e(a), (b). "Employee" refers to "any individual employed by an employer." *Id.* at 2000e(f).

The parties agree that, at all relevant times, the Sheriff's department did not employ fifteen or more employees, but Wabaunsee County did. Accordingly, if the Sheriff is an "agent" of the County, he is an "employer" for Title VII purposes, and plaintiff's suit was improperly dismissed.

The district court concluded that the Sheriff should not be considered an agent of the county for purposes of hiring and firing Sheriff department employees because the Board of County Commissioners had little, if any, control over the Sheriff in such matters. Absent a "nexus" between the Board and the improper conduct, the court felt it unwise to impose Title VII liability on the County.

The analysis employed by the district court apparently considers Wabaunsee County and the Board of County Commissioners as the same entity. In this lies the error. It is true that the County acts by and through the Board. However, the "Board" is not the "County." The County is a political subdivision encompassing and representing all citizens within its boundaries. The Board acts on behalf of the County—as its agent.[1]

Similarly, the Sheriff is an agent of the County.[2] Like the Board members, he is elected by the body politic and acts on its behalf in enforcing the state's laws. The Sheriff is an agent of the County for all purposes under his control and jurisdiction. He is an agent of the County whether or not he would be considered an agent of the Board of County Commissioners under traditional agency principles.

The district court focused on the control exercisable by the Board over the allegedly improper conduct. Under this analysis, the court concluded that the County could be liable for damages stemming from pay discrimination, because of the Board's control over the Sheriff's funds, but not for discriminatory or retaliatory discharge.[3] This is an unnecessary and artificial bifurcation of Title VII liability. It is true that a person may be an agent for some purposes, but not for others. However, it is inappropriate to condition the County's liability on whether the allegedly improper act was committed by the Board or the Sheriff when both are agents of the same political entity—the County.

1. Kan.Stat. § 19–101 provides "that each organized county in this state shall be a body corporate and politic, and shall be empowered . . . to sue and be sued." *Id.* at § 19–103 provides that "the powers of a county as a body politic and corporate shall be exercised by a board of county commissioners."

2. There is no need to apply here the "consolidation doctrine" developed by the National Labor Relations Board to determine whether consolidation of separate *private* corporations is proper in determining the relevant employer for purposes of enforcing the National Labor Relations Act. *See Radio & Television Broadcast Technicians Local 1264 v. Broadcast Service of Mobile, Inc.*, 380 U.S. 255, 85 S.Ct. 876, 13 L.Ed.2d 789 (1965); *cf. Dumas v. Town of Mount Vernon*, 612 F.2d 974, 980 n.9 (5th Cir. 1980). The sheriff and the county in this case are more analogous to a department and the corporation it operates within than to separate corporate entities.

3. Even under the district court's approach of analyzing the extent of Board control over the hiring practices of the Sheriff's department, it would not be difficult to find sufficient control to justify Title VII liability. Control over funding gives the Board immense potential power over the employment practices of the Sheriff's department. *See Curran v. Portland Superintending School Comm.*, 435 F.Supp. 1063, 1073 (D.Me.1977).

The legislative history of the 1972 amendments to Title VII is consistent with this result. Governmental subdivisions were brought within the reach of Title VII so that "[a]ll state and local government employees would ... have access to the remedies available under the Act." [1972] U.S. Code Cong. & Ad.News pp. 2137, 2152. *See Moore v. City of San Jose*, 615 F.2d 1265, 1273 (9th Cir. 1980). Congress reduced the number of employees required to bring an employer within the provisions of the Act because, as the House Report indicates: "The committee feels discrimination is contrary to the national policy and equally invidious whether practiced by small or large employers.... With the amendment proposed by the bill, Federal equal employment protection will be assured to virtually every segment of the Nation's workforce." [1972] U.S.Code Cong. & Ad.News at 2155.

■ It is true that Congress maintained a 15–employee limitation in Title VII, and that this limitation is jurisdictional. *See, e. g., Burke v. Friedman*, 556 F.2d 867 (7th Cir. 1977); *Renfro v. Office & Professional Employers International Union*, 545 F.2d 509 (5th Cir. 1977). However, Title VII should be liberally construed in order to effectuate its policies. *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 391 (8th Cir. 1977). "Such liberal construction is also to be given to the definition of 'employer.'" *Id. See also Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338, 1340–41 (D.C.Cir. 1973).

■ A fair interpretation of Title VII confirms our conclusion that the Sheriff should be considered an agent of the County. Whatever the reason for excluding employers with fewer than fifteen employees from Title VII coverage, it should not be construed to exempt a political subdivision with many employees from Title VII proscriptions on grounds that the immediate employing agent has fewer than fifteen employees. No sound policy mandates a contrary result. In short, we think it is clear that for purposes of Title VII an elected county sheriff is an agent of the county for all matters properly committed to his discretion—including the hiring and firing of employees.

REVERSED AND REMANDED.