**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Plaintiff–Appellant,**

v.

**MONCLOVA TOWNSHIP,
Defendant–Appellee.**

No. 89–4038.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 13, 1990.

Decided Dec. 3, 1990.

Cynthia Misicka, Barbara L. Sloan (argued), E.E.O.C., Washington, D.C., for plaintiff-appellant.

Paul S. Goldberg (argued), Lynn B. Jacobs, Office of the Pros. Atty., Toledo, Ohio, for defendant-appellee.

Before RYAN and NORRIS, Circuit Judges; and WILHOIT, District Judge.[*]

RYAN, Circuit Judge.

Plaintiff, the Equal Employment Opportunity Commission, appeals the district court's grant of summary judgment in favor of Monclova Township in this action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*

We conclude that the statutory definition of "employer" in section 630 of the ADEA is ambiguous, and that the legislative history of the statute indicates that the twenty employee statutory minimum applicable to private employers is likewise applicable to government employers. Because there is no dispute that Monclova Township employed less than twenty people,[1] the magistrate's[2] decision to dismiss EEOC's complaint should be affirmed.

## I.

The EEOC filed this action under the ADEA, 29 U.S.C. § 621 *et seq.*, alleging that Monclova Township discharged Lawrence Wolfram in March 1983 because of his age, in violation of ADEA, 29 U.S.C. § 623(a).[3]

Defendants filed a motion to dismiss, pursuant to Rule 12(b)(1) of the Fed.R. Civ.P., alleging that the court lacked subject matter jurisdiction because Monclova Township is not an "employer" within the meaning of 29 U.S.C. § 630(b).

Section 630(b) provides:

*The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: Provided,* That prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers. *The term also means* (1) any agent of such a person, and (2) *a State or political subdivision of State and any agency or instrumentality of a State or a political subdivision of a State,* and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

29 U.S.C. § 630(b) (emphasis added).

The magistrate relied on the Seventh Circuit's reasoning in *Kelly v. Wauconda Park District,* 801 F.2d 269 (7th Cir.1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1592, 94 L.Ed.2d 781 (1987), and the case of *Smith v. Wythe–Grayson Regional Library Bd.,* 657 F.Supp. 1216 (W.D.Va. 1987), to hold that state government employers of less than twenty employees are not subject to the ADEA. The magistrate granted defendants' motion to dismiss for lack of subject matter jurisdiction.

The EEOC moved to alter or amend the judgment because the magistrate failed to determine the number of employees employed by Monclova Township. The magistrate acknowledged having overlooked that disputed material fact and vacated the judgment for defendants.

---

[*] The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1] The EEOC is not appealing the magistrate's finding that Monclova Township had less than twenty employees during the relevant time period.

[2] The parties agreed, under 28 U.S.C. § 636(c), to have a magistrate rather than a district court judge conduct the trial and enter the final judgment in this case.

[3] Section 623(a) provides, in part:
It shall be unlawful for an employer—
(1) ... to discharge any individual ... because of such individual's age.

The defendants then brought a motion for summary judgment, contending that Monclova Township did not qualify as an employer under the ADEA because it did not employ at least twenty employees during the relevant time period. The magistrate found, as a matter of law, that members of the Township's zoning commission, board of zoning appeals and volunteer fire department were "not employees for purposes of achieving the jurisdictional threshold of twenty employees necessary to allow defendants to be considered employers under 29 U.S.C. § 630(b)." The magistrate concluded that Monclova Township did not employ twenty employees during the relevant time period and granted defendants' motion for summary judgment.

The EEOC appeals the magistrate's decision that the twenty employee minimum applies to state government employers and does not appeal the finding that the Township does not employ twenty employees who would be covered by the ADEA.

## II.

This circuit has set forth the standard used to interpret statutory language:

> In determining the meaning of legislation, we must first look to the plain language of the statute itself. If we find that the statutory language is unambiguous, then that language is regarded as conclusive unless there is a clearly expressed legislative intent to the contrary. If we find that the statute is ambiguous, we then look to its legislative history.

*Bradley v. Austin,* 841 F.2d 1288, 1293 (6th Cir.1988). (Citations omitted).

The ADEA was enacted to prevent age discrimination in employment. 29 U.S.C. § 621. The act prohibits an employer from refusing to hire, or discharge, or otherwise discriminate against an individual because of age. 29 U.S.C. § 623(a). At first, the ADEA applied only to private employers and then only those private employers who employed at least twenty employees. In 1974, the act's definition of "employer" was amended to include state government bodies or agencies. The ADEA now defines "employer" as:

> [A] person engaged in an industry affecting commerce who has twenty or more employers for each working day in each of twenty or more calendar weeks in the current or preceding calendar year ... The term also means (1) any agent of such a person, and (2) a State or political subdivision of State and any agency or instrumentality of a State or a political subdivision of a State....

29 U.S.C. § 630(b).

The EEOC contends that the statutory language unambiguously excludes government employers from the minimum number of employees requirement of section 630(b). It argues further that the legislative history fails to clearly express a contrary intention and that no reason exists to avoid the statutory language since the Act's purpose is to eliminate age discrimination in employment.

Defendants contend that the Seventh Circuit case of *Kelly v. Wauconda Park District,* 801 F.2d 269 (7th Cir.1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1592, 94 L.Ed.2d 781 (1987), addressed this issue and its reasoning ought to control. The magistrate agreed, and so do we.

In *Kelly, supra,* the court concluded the ADEA's twenty employee minimum for private employers applied to government employers. The *Kelly* court first determined that the ADEA's definition of "employer" was ambiguous because both parties presented reasonable, but conflicting, interpretations of that definition. 801 F.2d at 271. Since the court found that section 630(b) was ambiguous, it looked to the legislative history of the Act. 801 F.2d at 271. It found that the ADEA's legislative history indicates that "Congress intended section 630(b) to apply the same coverage to both public and private employees," *Id.* at 272, and stated that "common sense dictates that when Congress says it wants the ADEA to have 'one set of rules' for both public and private employers, Congress intends the same set of rules to apply to all employers." *Id.* at 273. The court concluded that the legislative history of ADEA supports the Park District's interpretation of section 630(b), that the twenty employee minimum applies to government employers. 801 F.2d at 273. *Accord, Smith v. Wythe–*

*Grayson Regional Library Board,* 657 F.Supp. 1216, 1219 (W.D.Va.1987).

We agree with the Seventh Circuit's reasoning in *Kelly* that the amendment to section 630(b) created an ambiguity in the definition of an "employer," requiring resort to the Act's legislative history.

The legislation to extend coverage of the ADEA to government employees was first introduced in 1972 and was reintroduced and subsequently enacted in 1974. The purpose of the amendment was to insure that state and local government employees have the same protections against age discrimination as employees in the private sector. 118 Cong.Rec. 15,895 (1972); 120 Cong.Rec. 8768 (1974); *See also,* H.R.Rep. No. 913, 93d Cong., 2d Sess. 2, *reprinted in* 1974 U.S.Code Cong. & Admin.News 2811, 2849–50.

The legislative history clearly expresses the intention that public sector employees are to be treated the same as private sector employees for purposes of the ADEA and, therefore, since the twenty employee minimum applies to private sector employees, Congress must have intended the twenty employee minimum requirement to apply to public sector employees.

### III.

We therefore AFFIRM the magistrate's grant of summary judgment.