William DIAZ, Plaintiff,

v.

**OKLAHOMA BUREAU OF NARCOTICS and Dangerous Drugs Control, Defendant.**

Case No. CIV–14–0821–F

United States District Court, W.D. Oklahoma.

Signed 12/15/2016

Michael S. Johnson, Law Office of Michael S. Johnson, Scott F. Brockman, Brockman Law PLLC, Oklahoma City, OK, Barrett T. Bowers, Brent L. Neighbors, Bryan B. Young, Robert B. Houston, Stanley M. Ward, Woodrow K. Glass, Ward & Glass LLP, Norman, OK, for Plaintiff.

Marie E. Schuble, Richard N. Mann, Susan E. Werner, Oklahoma City, OK, for Defendant.

### ORDER

STEPHEN P. FRIOT, UNITED STATES DISTRICT JUDGE

The issue before the court concerns the proper application of the cap on non-pecuniary damages which is provided for in 42 U.S.C. § 1981a(b)(3).

The jury returned an award of $13,800 as damages for lost wages and benefits, and $220,000 as compensatory damages for emotional pain, mental anguish and other non-pecuniary losses. After the award, the court drafted a proposed judgment which included a $100,000 cap on non-pecuniary damages, and entered an order requiring the parties to file any objections to that proposed judgment. Per 42 U.S.C. § 1981a(b)(3), the amount of the cap is determined by the number of employees of the respondent. (For purposes of the cap, the respondent is the employer.[1]) The court used the $100,000 cap in its draft

---

1. Title VII defines "respondent" as including an "employer." The term "employer" is defined, in part, as a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year, as well as any agent of such a person. The term "person" includes governments and governmental agencies. *See,* 42 U.S.C. § 2000e(a),(b),(n).

order because there was undisputed testimony at trial that the Oklahoma Bureau of Narcotics and Dangerous Drugs Control (the OBN) has approximately 140 employees. Subsection (B) of § 1981a(b)(3) caps damages for non-pecuniary losses at $100,000.00 in the case of a respondent having more than 100 but fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

Plaintiff objected to the proposed order. Doc. no. 76. Under subsection (D) of the statute, the award of damages for non-pecuniary losses is limited to $300,000 in the case of a respondent having more than 500 employees in 20 or more calendar weeks in the current or preceding calendar year. Plaintiff argues that this is the relevant cap provision because plaintiff is a state employee and the entity whose employees are counted to determine the amount of the cap is the State of Oklahoma, which has more than 500 employees.

Defendant responded to plaintiff's objections, arguing that $100,000 is the applicable cap. Doc. no. 80.

### Summary of the Parties' Arguments

As stated above, plaintiff argues that the relevant number for purposes of determining the cap is the number of employees of the State of Oklahoma, not the number of employees of the OBN. Plaintiff argues that the defendant has the burden to affirmatively move to impose the cap and to present evidence regarding the cap, and that defendant has not carried its burdens. Plaintiff also argues that defendant stipulated and agreed in the Final Pre–Trial Report that the cap on non-pecuniary damages is $300,000.00. Plaintiff argues the court-approved Final Pre–Trial Report governs the issues for trial and controls this issue.

Defendant argues the cap is determined by the number of employees of the OBN, an entity with more than 100 and fewer than 201 employees per undisputed testimony at trial, so that the cap on non-pecuniary damages is $100,000.00. Defendant argues that if plaintiff contends the relevant entity for determining the size of the cap is not the OBN and is, instead, the State of Oklahoma with over 500 employees, then plaintiff should have presented evidence on this issue at trial. Defendant contends it was plaintiff's burden to prove the relevant number of employees, as an element of its case.

Defendant argues that its statement in the Final Pre–Trial Report did not waive or otherwise forfeit its position that a $100,000 cap applies. Defendant argues that contrary to plaintiff's argument, defendant's statement was not a "stipulation," and that defendant merely "*contended* that *all* Title VII damages were limited to $300,000.*" (Emphasis in defendant's brief.) Defendant points out that the statement in question appears under the heading: "Contentions and Claims for Damages Or Other Relief Sought." Defendant further argues that plaintiff took the position in the Final Pre–Trial Report that plaintiff "seeks all actual and compensatory damages for his claim as allowed under the law and equity." Defendant argues the law allows a $100,000 cap, so that according to plaintiff's statement in the Final Pre–Trial Report, plaintiff is subject to a $100,000 cap.

Defendant does not dispute plaintiff's contentions that the OBN is an agency of Oklahoma, and that the State of Oklahoma employs more than 500 employees.[2]

---

2. *See,* http://oklahomawatchdata.org/state-salaries (Oklahoma Watch, state pay, fiscal year 2016 payroll date for 45,197 employees at 120 state agencies), site last visited December 13, 2016.

**1218**

### The Court–Approved Final Pre–Trial Report

██ The Final Pre–Trial Report (doc. no. 60) was approved by the court (doc. no. 61) and thereby became the controlling document for the trial of this action. As stated in Wilson v. Muckala, M.D., 303 F.3d 1207, 1215 (10th Cir. 2002), quoting various decisions and authorities, "the pre-trial order is the controlling document for trial." Id. at 1215. "As such, claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint and, conversely, the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include them." Id. "[T]he pretrial order is treated as superceding the pleadings and establishing the issues to be considered at trial." Id. Wilson then discusses avoidance of surprise as one of the purposes of these rules. Id. at 1216.

██ In the court-approved Final Pre–Trial Report, defendant included as one of its claims and contentions, the statement that: "Title VII damages are capped at $300,000." Doc. no. 60, p. 6, Part 5.B.(xii). Contrary to defendant's argument, it matters not that defendant's statement is not a "stipulation" per se. The approved Final Pre–Trial Report governs not just facts which are stipulated to (covered in another part of the report); it also governs the claims and issues for trial, including issues regarding the cap. Contrary to defendant's argument, it also matters not that defendant's statement in the Final Pre–Trial Report refers to "Title VII damages," which defendant contends is a reference to

"all" Title VII damages rather than a reference to Title VII's cap on non-pecuniary damages. The statement in the Final Pre–Trial Report clearly refers to Title VII damages being "capped," and the only cap which has ever been in question in this action is the cap on non-pecuniary damages. The court also rejects defendant's argument that plaintiff's statement in the Final Pre–Trial Report that plaintiff sought all damages permitted by law, means that plaintiff has conceded anything with respect to the cap.

Defendant's statement in the Final Pre–Trial Report of the "contentions and claims" which it pressed in this case, put plaintiff on notice that it was defendant's contention that the applicable cap on non-pecuniary damage awards is $300,000. Plaintiff had no reason to believe that this issue was in dispute or that it needed to present evidence on this issue, because the issue clearly was not in dispute according to the Final Pre–Trial Report. In these circumstances, defendant's statement in the Final Pre–Trial Report effectively waived [3] the position which defendant seeks to assert now, i.e. that the cap is not $300,000 but $100,000.

In this case, the Final Pre–Trial Report, as approved by the court, provides a sufficient ground to find that the cap on non-pecuniary damages is $300,000.

### 2. The State of Oklahoma Is the Relevant Employer

██ For the reasons stated below, the result would be the same with or without consideration of defendant's statement in the Final Pre–Trial Report.

Here, the waiver issue is entirely different. The question is whether positions have been waived that are directly contrary to a party's description of its contentions and claims as set out by that party in a Final Pre–Trial Report which has been approved by the court.

---

**3.** Oliver v. Cole Gift Centers, Inc., 85 F.Supp.2d 109, 112 (D. Conn. 2000), states that the cap is not an affirmative defense and is not waivable. The issue in Oliver was whether the cap was an affirmative defense which had to be alleged to avoid waiver.

The Tenth Circuit cases cited by the parties do not address the specific issue presented here, but they provide some guidance.

Cink v. Grant County, Oklahoma, 635 Fed.Appx. 470 (10th Cir. 2015), unpublished, underscores the on-going validity of the agency test for determining whether employers pass or fail the jurisdictional numerosity test under the ADA, the ADEA or Title VII. (Cink states there are no material differences in the test for employer status under ADA, the ADEA or Title VII. Id. at 472, n. 4.) Cink applies the agency principle from Owens v. Rush, 636 F.2d 283 (10th Cir. 1980), to conclude that the sheriff was an agent of Grant County, Oklahoma, and that it is the number of employees of the county, not of the sheriff's office, which determines whether the employer had the required number of employees to create jurisdiction and potential liability under the ADA or the ADEA.

Owens, in turn, holds that the Sheriff of Wabaunsee County, Kansas, should be considered an agent of that county and thus an employer for Title VII purposes even though the sheriff's office did not employ fifteen employees. In addition to setting out guiding principles of agency, Owens states that Title VII should be construed liberally to effectuate its policies, and that liberal construction should be given to the definition of "employer." Owens, 636 F.2d 283, 287.

Defendant has not disputed plaintiff's contention that the OBN is an agency of the State of Oklahoma. In addition, it is clear, as a matter of law, that the OBN is a state agency. The OBN is created by state statute. 63 O.S. 2011 § 2–102. The Oklahoma Personnel Act defines an "agency" as any office, department, board, commission or institution of the executive branch of state government. 74 O.S. 2011 § 840–1.3(1). That Act defines a "state employee" as including an employee of an agency, unless otherwise indicated.

Furthermore, because the OBN is an agency of the state, the State of Oklahoma is required to insure OBN employees who may be sued for violations of federal law. Title 74 O.S. 2011 § 85.58A provides that the state's Office of Management and Enterprise Services shall establish for all state agencies, a comprehensive professional risk management program. The program provides insurance for any state agency, including insurance for liability for loss, including judgments, awards, settlements, costs and legal expenses, resulting from violations of rights or privileges secured by the laws of the United States while an employee was acting within the scope of service to the state. 74 O.S. 2011 § 85.58A(A), (I). As a state agency, OBN is included in the state insurance plan which covers money judgments based on Title VII.

This coverage is relevant to the purposes which underlie the cap and the manner in which the cap is structured. As explained in Hernandez–Miranda v. Empresas Diaz Masso, Inc., 651 F.3d 167, 173 (1st Cir. 2011):

> It is clear that Congress did intend to protect employers, especially smaller employers, from ruinously large awards, and that the size of the employer was used as a rough measure for the degree of protection needed. Congress designed remedies under Title VII to be somewhat proportionate to ability to pay. The number of employees a company has serves as a proxy for this ability. Smaller employers face smaller penalties; larger employers face larger penalties.

The court concludes that even without consideration of defendant's contentions as set out in the Final Pre–Trial Report, the State of Oklahoma is the relevant entity

for the purpose of determining the amount of the cap on the jury's award of non-pecuniary damages. Because the state is the relevant employer, and because it is undisputed that the state has more then 500 employees, the cap is $300,000.

### Conclusion

After careful consideration, the court concludes that the cap on non-pecuniary damages awarded in this case is $300,000. Judgment will be entered at a later date, after the front pay issue (which is the subject of a pending motion) has been determined.