(Slip Opinion) OCTOBER TERM, 2018 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## MOUNT LEMMON FIRE DISTRICT *v.* GUIDO ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 17–587.  Argued October 1, 2018—Decided November 6, 2018

John Guido and Dennis Rankin filed suit, alleging that the Mount Lemmon Fire District, a political subdivision in Arizona, terminated their employment as firefighters in violation of the Age Discrimination in Employment Act of 1967 (ADEA).  The Fire District responded that it was too small to qualify as an "employer" under the ADEA, which provides: "The term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees . . . .  The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State . . . ."  29 U. S. C. §630(b).

Initially, both Title VII of the Civil Rights Act of 1964 and the ADEA applied solely to private sector employers.  In 1974, Congress amended the ADEA to cover state and local governments.  A previous, 1972, amendment to Title VII added States and their subdivisions to the definition of "person[s]," specifying that those entities are engaged in an industry affecting commerce.  The Title VII amendment thus subjected States and their subdivisions to liability only if they employ a threshold number of workers, currently 15.  By contrast, the 1974 ADEA amendment added state and local governments directly to the definition of "employer."  The same 1974 enactment also amended the Fair Labor Standards Act (FLSA), on which many aspects of the ADEA are based, to reach all government employers regardless of their size.  29 U. S. C. §203(d), (x).

*Held*: The definitional provision's two-sentence delineation, set out in §630(b), and the expression "also means" at the start of §630(b)'s second sentence, combine to establish separate categories: persons engaged in an industry affecting commerce with 20 or more employees; and States or political subdivisions with no attendant numerosity limitation.

Syllabus

The words "also means" in §630(b) add new categories of employers to the ADEA's reach. First and foremost, the ordinary meaning of "also means" is additive rather than clarifying. See 859 F. 3d 1168, 1171 (case below) (quoting Webster's New Collegiate Dictionary 34). The words "also means" occur dozens of times throughout the U. S. Code, typically carrying an additive meaning. *E.g.*, 12 U. S. C. §1715z–1(i)(4). Furthermore, the second sentence of the ADEA's definitional provision, §630(b), pairs States and their political subdivisions with agents, a discrete category that carries no numerical limitation.

Reading the ADEA's definitional provision, §630(b), as written to apply to States and political subdivisions regardless of size may give the ADEA a broader reach than Title VII, but this disparity is a consequence of the different language Congress chose to employ. The better comparator for the ADEA is the FLSA, which also ranks States and political subdivisions as employers regardless of the number of employees they have. The Equal Employment Opportunity Commission has, for 30 years, interpreted the ADEA to cover political subdivisions regardless of size, and a majority of the States impose age discrimination proscriptions on political subdivisions with no numerical threshold. Pp. 4–6.

859 F. 3d 1168, affirmed.

GINSBURG, J., delivered the opinion of the Court, in which all other Members joined, except KAVANAUGH, J., who took no part in the consideration or decision of the case.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 17–587

MOUNT LEMMON FIRE DISTRICT, PETITIONER *v.* JOHN GUIDO, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[November 6, 2018]

JUSTICE GINSBURG delivered the opinion of the Court.

Faced with a budget shortfall, Mount Lemmon Fire District, a political subdivision in Arizona, laid off its two oldest full-time firefighters, John Guido (then 46) and Dennis Rankin (then 54). Guido and Rankin sued the Fire District, alleging that their termination violated the Age Discrimination in Employment Act of 1967 (ADEA), 81 Stat. 602, as amended, 29 U. S. C. §621 *et seq.* The Fire District sought dismissal of the suit on the ground that the District was too small to qualify as an "employer" within the ADEA's compass. The Act's controlling definitional provision, 29 U. S. C. §630(b), reads:

> "The term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees . . . . The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State . . . ."

The question presented: Does the ADEA's numerosity specification (20 or more employees), applicable to "a person engaged in an industry affecting commerce," apply as well to state entities (including state political subdivi-

sions)? We hold, in accord with the United States Court of Appeals for the Ninth Circuit, that §630(b)'s two-sentence delineation, and the expression "also means" at the start of the second sentence, combine to establish separate categories: persons engaged in an industry affecting commerce with 20 or more employees; and States or political subdivisions with no attendant numerosity limitation. "[T]wenty or more employees" is confining language, but the confinement is tied to §630(b)'s first sentence, and does not limit the ADEA's governance of the employment practices of States and political subdivisions thereof.

I

Initially, Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U. S. C. §2000e *et seq.*, which prohibits employment discrimination on the basis of race, color, religion, sex, and national origin, applied solely to private sector employers. The same was true of the ADEA, enacted three years later to protect workers against "arbitrary age discrimination." 29 U. S. C. §621(b). As originally enacted, both Title VII and the ADEA imposed liability on "employer[s]," defined in both statutes to include "a person engaged in an industry affecting commerce" whose employees met a numerical threshold, but specifically to exclude governmental entities. 78 Stat. 253 (Title VII); 81 Stat. 605 (ADEA).

In 1972, Congress amended Title VII to reach state and local employers. Under the revised provision of Title VII, "[t]he term 'person' includes one or more individuals, governments, governmental agencies, [and] political subdivisions," also certain other specified entities, and "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees . . . ." 42 U. S. C. §2000e(a)–(b). For this purpose, amended Title VII defines "industry affecting commerce" to "includ[e] any governmental industry, business, or activity."

§2000e(h). The 1972 amendment to Title VII thereby extended the statute's coverage to state and local government entities by defining them as "person[s]." In turn, as "person[s]," these entities meet Title VII's definition of "employer" and are subject to liability only if they have at least 15 employees.[1]

Two years later, in 1974, Congress amended the ADEA to cover state and local governments. Unlike in Title VII, where Congress added such entities to the definition of "person," in the ADEA, Congress added them directly to the definition of "employer." Thus, since 1974, the ADEA's key definitional provision has read:

> "The term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees . . . . The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State . . . ." 29 U. S. C. §630(b).

In the same 1974 enactment, Congress amended the Fair Labor Standards Act (FLSA), on which parts of the ADEA had been modeled, to reach all government employers regardless of their size. See 88 Stat. 58, 29 U. S. C. §203(d), (x).

The parties dispute the proper reading of the ADEA following the 1974 amendment. Does "also means" add new categories to the definition of "employer," or does it merely clarify that States and their political subdivisions are a type of "person" included in §630(b)'s first sentence? If the former, state and local governments are covered by the ADEA regardless of whether they have as many as 20 employees. If the latter, they are covered only if they have at least 20 employees. Federal courts have divided on this question. Compare *Kelly* v. *Wauconda Park Dist.*, 801

———————

[1] The Americans with Disabilities Act of 1990 defines "employer" in materially the same way as Title VII and accords "person . . . the same meaning" as in Title VII. 42 U. S. C. §12111(5), (7).

F. 2d 269 (CA7 1986) (state and local governments are covered by the ADEA only if they have at least 20 employees); *Cink* v. *Grant County*, 635 Fed. Appx. 470 (CA10 2015) (same); *Palmer* v. *Arkansas Council on Economic Educ.*, 154 F. 3d 892 (CA8 1998) (same); *EEOC* v. *Monclova*, 920 F. 2d 360 (CA6 1990) (same), with this case, 859 F. 3d 1168 (CA9 2017) (state and local governments are covered by the ADEA regardless of their number of employees). We granted certiorari to resolve the conflict. 583 U. S. __ (2018).

## II

For several reasons, we conclude that the words "also means" in §630(b) add new categories of employers to the ADEA's reach. First and foremost, the ordinary meaning of "also means" is additive rather than clarifying. As the Ninth Circuit explained, "'also' is a term of enhancement; it means 'in addition; besides' and 'likewise; too.'" 859 F. 3d, at 1171 (quoting Webster's New Collegiate Dictionary 34 (1973)). Indeed, reading "also" additively to create a separate category of "employer" seemed to this Court altogether fitting in *EEOC* v. *Wyoming*, 460 U. S. 226 (1983). There, we held that applying the ADEA to state and local governments does not encroach on States' sovereignty or Tenth Amendment immunity. *Id.,* at 240–242. In the course of so holding, we described the 1974 ADEA amendment as "extend[ing] the substantive prohibitions of the Act to employers having at least 20 workers [as opposed to 25 in the original version], *and to* the Federal and State Governments." *Id.*, at 233 (emphasis added). In this regard, we note, it is undisputed that the ADEA covers Federal Government entities, which our opinion in *Wyoming* grouped with state entities, regardless of the number of workers they employ. 29 U. S. C. §633a.

Instructive as well, the phrase "also means" occurs dozens of times throughout the U. S. Code, typically carry-

ing an additive meaning. See Brief for Respondents 11–
13, and n. 2 (collecting citations). For example, 12 U. S. C.
§1715z–1(i)(4), provides:

> "[T]he term 'elderly families' means families which
> consist of two or more persons the head of which (or
> his spouse) is sixty-two years of age or over or is hand-
> icapped. Such term also means a single person who is
> sixty-two years of age or over or is handicapped."

"[A] single person" plainly adds to, rather than clarifies,
the preceding statutory delineation, "two or more per-
sons." Just so with States and their political subdivisions
in the ADEA's definition of "employer." Notably, in
§1715z–1(i)(4), Congress repeated the "sixty-two years of
age or over or is handicapped" qualifier to render it appli-
cable to "a single person." In the ADEA, by contrast,
Congress did not repeat the "twenty or more employees"
qualifier when referencing state and local government
entities. This Court is not at liberty to insert the absent
qualifier.

Furthermore, the text of §630(b) pairs States and their
political subdivisions with agents, a discrete category that,
beyond doubt, carries no numerical limitation. See Tr. of
Oral Arg. 55–56. The Fire District does not gainsay that
the 20-employee restriction applies to §630(b)'s first sen-
tence. Its construction, however, would lift that re-
striction for the agent portion of the second sentence, and
then reimpose it for the portion of that sentence address-
ing States and their political subdivisions. We resist a
reading so strange.[2]

The Fire District presses the argument that the ADEA
should be interpreted in line with Title VII, which, as
noted *supra*, at 3, applies to state and local governments

---

[2] We need not linger over possible applications of the agent clause, for
no question of agent liability is before us in this case.

only if they meet a numerosity specification. True, reading the ADEA as written to apply to States and political subdivisions regardless of size gives the ADEA, in this regard, a broader reach than Title VII. But this disparity is a consequence of the different language Congress chose to employ. See *Gross* v. *FBL Financial Services, Inc.*, 557 U. S. 167, 174 (2009) (differences between Title VII's and the ADEA's language should not be ignored). The better comparator is the FLSA, on which many aspects of the ADEA are based. See 29 U. S. C. §626(b) (ADEA incorporates the "powers, remedies, and procedures" of the FLSA). Like the FLSA, the ADEA ranks States and political subdivisions as "employer[s]" regardless of the number of employees they have.

The Fire District warns that applying the ADEA to small public entities risks curtailment of vital public services such as fire protection. Experience suggests otherwise. For 30 years, the Equal Employment Opportunity Commission has consistently interpreted the ADEA as we do today. EEOC Compliance Manual: Threshold Issues §2–III(B)(1)(a)(i), and n. 99. See also *Kelly*, 801 F. 2d, at 270, n. 1. And a majority of States forbid age discrimination by political subdivisions of any size; some 15 of these States subject private sector employers to age discrimination proscriptions only if they employ at least a threshold number of workers. See Brief for Respondents 28–29, and n. 6 (collecting citations). No untoward service shrinkages have been documented.

In short, the text of the ADEA's definitional provision, also its kinship to the FLSA and differences from Title VII, leave scant room for doubt that state and local governments are "employer[s]" covered by the ADEA regardless of their size.

\*  \*  \*

For the reasons stated, the judgment of the Court of

Appeals for the Ninth Circuit is

*Affirmed.*

JUSTICE KAVANAUGH took no part in the consideration or decision of this case.