RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 22a0146p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

MICHAEL J. BECKER; FREDDY ROJAS,

                *Plaintiffs-Appellees*,


    *v.*


DELEK US ENERGY, INC.,

                *Defendant-Appellant* (20-6258),


CYPRESS ENVIRONMENTAL MANAGEMENT-TIR, LLC,

                *Intervenor Defendant-Appellant* (20-6255),


KESTREL FIELD SERVICES, INC.,

                *Intervenor Defendant.*

> Nos. 20-6255/6258

─────────────────

Appeal from the United States District Court for the Middle District of Tennessee at Nashville.
No. 3:20-cv-00285—Aleta Arthur Trauger, District Judge.

Argued:  October 27, 2021

Decided and Filed:  July 6, 2022

Before:  SILER, KETHLEDGE, and BUSH, Circuit Judges.

─────────────────

## COUNSEL

**ARGUED:**  J. Barrick Bollman, MCDERMOTT WILL & EMERY LLP, Chicago, Illinois, for Appellant Cypress Environmental.  Bryan Edward Bowdler, THE KULLMAN FIRM P.L.C., New Orleans, Louisiana, for Appellant Delek US Energy.  Richard J. Burch, BRUCKNER BURCH, Houston, Texas, for Appellees.  **ON BRIEF:**  J. Barrick Bollman, Rachel B. Cowen, MCDERMOTT WILL & EMERY LLP, Chicago, Illinois, for Appellant Cypress Environmental. Bryan Edward Bowdler, Samuel Zurik III, Robert P. Lombardi, THE KULLMAN FIRM P.L.C., New Orleans, Louisiana, for Appellant Delek US Energy.  Richard J. Burch, BRUCKNER BURCH, Houston, Texas, Julianne C. Lomax, JOSEPHSON DUNLAP LLP, Houston, Texas, for Appellees.

————————————

**OPINION**

————————————

SILER, Circuit Judge.   Delek US Energy, Inc. ("Delek") and Cypress Environmental Management-TIR, LLC ("Cypress"), as Intervenor-Appellants, appeal the district court's order denying appellants' motions to compel Michael Becker ("Becker") to arbitration. We **REVERSE** and **REMAND**.

**I.**

*Factual Background.*  Delek is a "downstream energy company with refineries and retail stores throughout the south and southwest United States."  Delek's operations require the use of third-party specialty inspectors to provide oversight and assurance that Delek's projects are built and operating in accordance with industry and regulatory requirements.  Such inspectors are akin to independent auditors assigned to audit and advise companies.  Cypress employs and assigns these specialty inspectors and other personnel to companies like Delek.

Becker worked as an electrical inspector for Cypress in 2018.  Cypress set Becker's compensation as a day rate and issued his paychecks.  Cypress deemed Becker an administrative employee and, as such, considered him overtime exempt under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA).

Becker also signed an employment agreement with Cypress.  In it, he acknowledged that he "underst[ood] that [his] employment is based on a specific project to be performed for a designated customer."  And Becker agreed that any "dispute[,] controversy or claim arising out of [or] related to in any way" to this employment relationship would be arbitrated.

From September 16, 2018 until October 26, 2018, Becker was assigned by Cypress to work at a location owned and operated by Delek.  Delek contracted with Cypress for the inspection services, paid Cypress an all-inclusive rate, and, Cypress—as consideration—sent Becker to Delek's new construction location to provide electrical inspection services.  The electrical inspection services provided by Becker at the Delek location gave rise to this case.

*Procedural History.*  In 2020, Becker filed a complaint pursuant to 29 U.S.C. § 216(b) in the United States District Court for the Middle District of Tennessee against Delek under FLSA. Becker contended he was an employee of Delek and "Delek's day-rate system violates the FLSA because [he] and those similarly situated workers did not receive any overtime pay for hours worked over 40 hours each week." He sought unpaid overtime allegedly owed to him under the FLSA.

Although Delek and Becker did not have any employment agreement, Becker claims Delek was his employer. He asserts this theory because, according to Becker, he worked twelve to fifteen hours a day for six to seven days a week at the Delek location, reported to Delek days worked rather than hours worked, performed work essential to Delek's core business, submitted reports to Delek supervisors, and had his pay and schedule directed by Delek.

Becker made no references to Cypress in his initial complaint. Likewise in his opening brief to us, Becker suggests that Cypress merely "handl[ed] onboarding paperwork" for his employer, Delek." But Cypress contends it supervised and controlled Becker's employment while he worked at Delek's location and paid him for his time at the Delek location. It is on this basis that Cypress moved to intervene under Federal Rule of Civil Procedure 24. The district court granted the intervention.

Cypress contends that Becker had an agreement with Cypress to arbitrate all employment claims. Because of that agreement, the appellants, Delek and Cypress, filed motions to compel arbitration. The district court denied both motions. It held that the question of arbitrability is a question for the court, not an arbitrator. Delek and Cypress appealed that decision under the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(B). They also moved to stay all proceedings pending appeal. The district court granted that motion to stay in 2020.

## II.

We review the district court's denial of appellants' motions to compel arbitration de novo. *Borror Prop. Mgmt., LLC v. Oro Karric North, LLC*, 979 F.3d 491, 494 (6th Cir. 2020) (citing *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 716 (6th Cir. 2012)). Specifically, we review de novo a district court's decision concerning the existence of an

arbitration agreement and the arbitrability of the dispute. *Floss v. Ryan's Family Steak Houses, Inc.* 211 F.3d 306, 311 (6th Cir. 2000); *see also Nestle Waters N.A., Inc. v. Bollman*, 505 F.3d 498, 502 (6th Cir. 2007).

We do not review Becker's underlying FLSA claims in this interlocutory appeal.

## III.

Becker argues that the prevailing dispute in this matter is one of contract formation versus contract enforceability and coverage. He argues that no arbitration agreement was formed between Delek and Becker. Delek and Cypress take the latter view, namely, that this appeal is about arbitration agreement enforceability and coverage. This distinction matters, as questions pertaining to formation are reserved for the court's province, whereas those relating to enforceability and coverage are arbitrable in the presence of a valid delegation clause.

When Cypress intervened, it filed with the district court a copy of the arbitration agreement between Cypress and Becker. Becker does not dispute the existence or validity of his agreement with Cypress. Becker contends, however, that the arbitration agreement formed with Cypress does not constitute the formation of an arbitration agreement with Delek. Delek and Cypress challenge Becker's formation argument as being little more than a thinly-disguised challenge to the scope of the arbitration clause.

A challenge to arbitration agreement formation is always in the jurisdiction of the courts. *Granite Rock Co., v Int'l Bhd. of Teamsters*, 561 U.S. 287, 299-300 (2010). A challenge to arbitration-agreement coverage or enforceability, however, can be trifurcated into whether that challenge is to an arbitration agreement or a delegation provision within the agreement, or both.

A delegation provision is "an [antecedent] agreement to arbitrate threshold issues concerning the arbitration agreement." *Rent-A-Center, W., Inc. v Jackson*, 561 U.S. 63, 68 (2010). A party seeking arbitration asks the federal court to enforce a delegation provision so that the very issue of arbitrability is compelled to an arbitrator, as Delek and Cypress have requested here. *Id*. at 68–69. The practical effect of a delegation provision is that if arbitrability is challenged, then the arbitrator, not the court, must address the challenge. Such a challenge

may come in the form of a coverage challenge or as an enforceability challenge. Regardless, the outcome is the same: a valid delegation provision removes judicial purview and transfers the question of arbitrability to an arbitrator.

Attacking a delegation provision as invalid turns the question away from arbitrability of gateway issues to the validity of an arbitrator's authority to arbitrate arbitrability. It is circular to permit the arbitrator to address the validity of the arbitrator's authority to arbitrate arbitrability. If the validity of a delegation provision is challenged in response to a motion to compel arbitration, then the court, rather than the arbitrator, must address those challenges. *See id.* at 71.

Here, Becker expressly challenges "the existence of an agreement to arbitrate, and any agreement to arbitrate arbitrability, with Delek." Accepting Becker's contention that this statement is a challenge to a delegation provision, it is not specific enough to enforce judicial review. The Supreme Court in *Rent-A-Center* explained that a respondent does not challenge the delegation provision while attacking the enforceability of the arbitration agreement as a whole unless the attack is specific to language in the delegation provision *Id.* Thus, when a respondent makes an unspecific challenge to a delegation provision, the question of the agreement's validity is reserved for the arbitrator, not the court. *Id.* at 72.

Although Becker challenges the "existence" of any agreement—either an arbitration agreement or a delegation provision—between himself and Delek, the question "[w]hether a non-signatory can enforce [an] arbitration agreement is a question of the *enforceability* of the arbitration clause, as to that defendant." *Swiger v. Rosette*, 989 F.3d 501, 507 (6th Cir. 2021) (emphasis added) (internal citation omitted); *see also Blanton v. Domino's Pizza Franchising*, LLC, 962 F.3d 842, 845 n.1 (6th Cir. 2020). Whether a non-signatory can enforce a delegation clause is likewise a question of enforceability, not existence. Becker thus asks us to decide whether Delek, as a non-signatory to the agreement, can enforce the delegation clause.

We can decide the question whether the delegation clause is enforceable by a non-signatory only if Becker challenged the enforceability of that clause "specifically." *Rent-A-Center*, 561 U.S. at 72. That test is hard to meet and is not met here. Under this circuit's precedent, to prevail in Becker's position, a party must "show that *the basis of their challenge* is

directed specifically to the delegation provision." *In re StockX Customer Data Sec. Breach Litiga.*, 19 F.4th 873, 886 (6th Cir. 2021) (cleaned up). A party fails to make this showing if its challenge to a delegation clause "simply recycle[s] the same arguments that pertain to the enforceability of the agreement as a whole." *Id*. Thus, a party's challenge to a delegation clause must rest, in part, on different factual or legal grounds than the ones supporting its challenge to the arbitration agreement as a whole. *See id*. at 887 (an agreement must "operate[] on the delegation clause . . . differently" that it does on the arbitration agreement as a whole).

Here, Becker expressly concedes that he has challenged the delegation provision "on the same grounds he raised to dispute the existence of an [arbitration] agreement in general." Appellee Br. at 46; *see also id*. at 9 (describing his argument as a challenge to the "existence of any agreement and/or delegation clause"); *id*. (arguing that "no arbitration agreement nor delegation clause exists between Becker and Delek"). Specifically, Becker relies on a single circumstance, that Delek is a non-signatory to the employment agreement, to challenge the enforceability of both the arbitration agreement and the delegation provision. The challenges are therefore identical in "substance." *In re StockX,* 194 F.4th at 885. Indeed, Becker does not even separate his analysis of the enforceability of the delegation provision from his analysis of the enforceability of the arbitration agreement as a whole. Thus, under *StockX*, Becker's challenge is not "specific" to the delegation provision. This conclusion requires that "we must treat [the delegation provision] as valid . . . and must enforce it," leaving the question whether Delek can enforce the arbitration agreement for an arbitrator to decide. *Rent-A-Center*, 561 U.S. at 72; *see also In re StockX*, 19 F.4th at 886.

We thus do not consider appellants' argument that the district court erred under Oklahoma law when it held that equitable estoppel does not require Becker to arbitrate his claims.

**REVERSED** and **REMANDED**.