[Cite as *Frederick v. Bluegreen Vacations Unlimited, Inc.*, 2024-Ohio-2162.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

RONALD I. FREDERICK, ET AL.,          :

    Plaintiffs-Appellants,          :

                                  No. 112631

    v.          :

BLUEGREEN VACATIONS          :
UNLIMITED, INC.,

    Defendant-Appellee.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 6, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-927166

---

### *Appearances:*

Law Office of David A. Corrado and David A. Corrado;
Frederick & Berler, LLC and Ronald I. Frederick, *for
appellants*.

McDonald Hopkins LLC and Michael J. Matasich; Stearns
Weaver Miller Weissler Alhadeff & Sitterson, P.A., Joseph
Onorati, Grace L. Mead, and Andrea N. Nathan, *for
appellee*.

LISA B. FORBES, J.:

{¶ 1}  Ronald I. Frederick and Jacquelyn S. Frederick (the "Fredericks")

appeal the trial court's journal entry granting Bluegreen Vacations Unlimited, Inc.'s

("Bluegreen") motion to stay proceedings and compel mandatory arbitration in this case involving contractual agreements for a timeshare estate. After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment.

## I. Facts and Procedural History

{¶ 2} In 2017, the Fredericks received from Bluegreen various written and telephonic communications soliciting them to purchase a timeshare estate. On January 2, 2018, the Fredericks attended a sales presentation by Bluegreen in Michigan. That same day, the Fredericks and Bluegreen entered into a contract (the "Timeshare Agreement") in which the Fredericks purchased from Bluegreen an "ownership interest" in timeshare property located in Virginia for $11,220. The Fredericks and Bluegreen also entered into a VIP Membership agreement, which entitled the Fredericks to "Enhanced/Traveler Plus" benefits, and a Deferred Purchase Deed of Trust Note, in which the Fredericks financed the purchase price of the timeshare less their downpayment (collectively, the "Agreements").

{¶ 3} On December 30, 2019, the Fredericks filed a complaint against Bluegreen, alleging five causes of action relating to the Agreements: (1) fraud; (2) violations of the Ohio Telephone Sales Solicitation Act pursuant to R.C. 4719.01 et seq. and violations of the Ohio Consumer Sales Practices Act pursuant to R.C. 1345.01 et seq.; (3) misrepresentation by a realtor in violation of R.C. 4735.61; (4) voidable or cancelable agreement under Michigan Law; and (5) voidable or cancelable agreement under Florida law. The gist of the Fredericks' complaint was

that the "family vacation plan" that they purchased "could not be used as represented and for the purpose for which it was intended."

{¶ 4} On March 2, 2020, Bluegreen filed a motion to dismiss the Fredericks' complaint or stay the proceedings and compel mandatory arbitration. On March 30, 2023, the court granted this motion in part, staying the proceedings and compelling arbitration. The motion to dismiss, which is based on the court's "lack of jurisdiction over the subject matter" pursuant to Civ.R. 12(B)(1), remains pending.

{¶ 5} It is from this order that the Fredericks appeal, raising four assignments of error for our review.

I.     The trial court erred in enforcing a void agreement.

II.    The trial court erred in compelling arbitration of a dispute involving title to and/or possession of real property.

III.   The trial court erred in enforcing an unconscionable agreement.

IV.    The trial court erred in ruling on [Bluegreen's] motion to compel without holding a hearing and without making findings on [the Fredericks'] contentions that the agreement to arbitrate is unenforceable as (1) void, (2) relating to a controversy involving title to and/or possession of real property, and (3) unconscionable.

## II. The Timeshare Agreement

{¶ 6} Pertinent to this appeal, the Timeshare Agreement includes a mandatory arbitration clause:

26. CERTAIN LITIGATION MATTERS.

(a) MANDATORY ARBITRATION.  All disputes, claims, [and] actions * * * based in or upon contract, tort, statute, fraud, deception, misrepresentation or any other legal theory, brought by [the]

Purchaser against * * * Bluegreen * * * which in any way whatsoever relates to or arises [sic] out of this * * * Agreement * * * shall be resolved through binding and final arbitration in Broward County, Florida * * *."

{¶ 7} Additionally, within this arbitration clause is a delegation clause. In general, delegation clauses provide that "an arbitrator, rather than a court, will decide 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Westlake Servs., L.L.C. v. Chandler*, 8th Dist. Cuyahoga No. 112323, 2023-Ohio-3714, ¶ 26, quoting *Rent-A-Center, W., Inc. v. Jackson,* 561 U.S. 63, 68-69, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010). The delegation clause at issue states:

> [T]he Arbitrator * * * shall have exclusive authority to resolve any dispute or issue of arbitrability with respect to this sub-Section 26(a), including as to the jurisdiction of the Arbitrator or relating to the existence, scope, validity, enforceability, or performance of this sub-Section 26(a) or any of its provisions.

{¶ 8} Also within the arbitration clause in the Timeshare Agreement is the following, pertinent to this appeal:

> (f) APPLICABLE LAW. This Section 26 shall be governed and enforced under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, et seq., and, to the extent that it does not conflict with the FAA, the Revised Florida Arbitration Code, Fla. Stat. § 682.01, et seq.

## III. The FAA — 9 U.S.C. 1, et seq.

{¶ 9} The FAA, which is codified in 9 U.S.C. 1 et seq., "is a congressional declaration of a liberal federal policy favoring arbitration agreements * * *." *Perry v. Thomas*, 482 U.S. 483, 489, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987). Under the FAA, agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. 2.

"The federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 142 S.Ct. 1708, 212 L.Ed.2d 753 (2022)

{¶ 10} Pursuant to 9 U.S.C. 4, a "party aggrieved by the alleged * * * refusal of another to arbitrate under a written agreement for arbitration" may move the court "for an order directing that such arbitration proceed in the manner provided for in such an agreement." The statute further states that "[i]f the making of the arbitration agreement or the * * * refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." *Id.*

## IV. Law and Analysis

### A. Standard of Review

{¶ 11} Generally, in reviewing a trial court's ruling on a motion to stay litigation and compel arbitration, an appellate court applies an abuse-of-discretion standard. *Menter Family Revocable Living Trust v. Menter*, 8th Dist. Cuyahoga No. 111405, 2023-Ohio-367, ¶ 33. An abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). The Ohio Supreme Court recently explained that an abuse of discretion "involves more than a difference of opinion." *State v. Weaver*, 171 Ohio St.3d 429, 2022-Ohio-4371, 218 N.E.3d 806, ¶ 24. That is, a trial court's judgment that is

"profoundly and wholly violative of fact and reason" constitutes an abuse of discretion. *Id.*

{¶ 12} However, a trial court's decision regarding "a motion to compel arbitration, where it is alleged that the arbitration agreement is unconscionable" is reviewed de novo. *Mattox v. Dillard's, Inc.,* 8th Dist. Cuyahoga No. 90991, 2008-Ohio-6488, ¶ 6. *See also Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 2 ([h]olding "that the proper standard of review of a determination of whether the arbitration agreement is enforceable in light of a claim of unconscionability is de novo").

**B. Void Agreement**

{¶ 13} In the Fredericks' first assignment of error, they argue that the Agreements are invalid or unenforceable because they did not receive a "Public Offering Statement" from Bluegreen as required by the Agreements.

{¶ 14} Courts have interpreted the FAA to mean that when a party challenges the validity of a contract in general, an arbitration provision within that contract will require the issue to be decided by an arbitrator, but when a party challenges the validity of an arbitration clause specifically, this issue may be decided by the courts. *See, e.g., R.M. Perez & Assoc., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir.1992) ("If the fraud relates to the arbitration clause itself, the court should adjudicate the fraud claim. If it relates to the entire agreement, then the Federal Arbitration Act requires that the fraud claim be decided by an arbitrator.").

{¶ 15} Federal courts interpreting the FAA have further limited the court's jurisdiction regarding disputes over arbitration clauses as follows: "The [United States] Supreme Court has explained that where an arbitration agreement contains a delegation provision — committing to the arbitrator the threshold determination of whether the agreement to arbitrate is enforceable — the courts only retain jurisdiction to review a challenge to that specific provision." *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1144 (11th Cir.2015), citing *Rent-A-Center, W., Inc.,* 561 U.S. at 72, 130 S.Ct. 2772, 177 L.Ed.2d 403

{¶ 16} Upon review, we find that the Fredericks challenge the enforceability of the Agreements as a whole. To support this finding, we turn to the Fredericks' appellate brief, which frames the issue under the first assignment of error as follows: "If a contract is void as a matter of law is an arbitration clause contained within it void as well?" Applying the FAA, as the parties consented to do when they entered into the Agreements, this question must be resolved in arbitration.

{¶ 17} Accordingly, the Fredericks' first assignment of error is overruled.

## C. Arbitration of Dispute Involving Real Property

{¶ 18} In the Fredericks' second assignment of error, they argue that the "trial court erred in compelling arbitration of a dispute involving title to and/or possession of real property." The Fredericks' argument is based exclusively on Ohio law. To support this notion, we again turn to the Fredericks' appellate brief, which frames the issue under the second assignment of error as follows: "In Ohio, disputes

involving title or possession of real estate are not arbitrable under R.C. []
2711.01(B)(1)."

{¶ 19} As noted previously in this opinion, the parties agreed that the FAA and Florida law, to the extent it is not inconsistent with the FAA, apply to the Agreements at issue. In their appellate brief, the Fredericks do not cite to the FAA or Florida law under their second assignment of error to support their assertion that disputes over real property are exempt from arbitration. Because Ohio law does not apply to the Agreements, the Fredericks have failed to show how the trial court erred or abused its discretion in compelling arbitration of their claims to the extent that this case involves a dispute about real property. *See V.C. v. O.C.,* 8th Dist. Cuyahoga No. 109988, 2021-Ohio-1491, ¶ 87 ("An appellate court may disregard as assignment of error presented for review if the appellant * * * fails to cite to any legal authority in support of an argument * * * as required under App.R. 16(A)."). *Accord Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028, 22 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out.").

{¶ 20} Nonetheless, in their reply brief, the Fredericks argue for the first time that federal law prohibits arbitration clauses in mortgages. To support this argument, the Fredericks cite to 15 U.S.C. 1639c(e)(1), 12 C.F.R. 1026.36(h)(1), and *Lyons v. PNC Bank, Natl. Assn.*, 26 F.4th 180, 191 (4th Cir. 2022).

{¶ 21} 15 U.S.C. 1639c, also known as the Dodd-Frank Wall Street Reform and Consumer Protection Act, "was passed in response to the 2008 financial crisis

* * *." *Lyons* at 185. 12 C.F.R. 1026.36, which is entitled "Prohibited acts or practices and certain requirements for credit secured by a dwelling," is part of the Code of Federal Regulations ("CFR"). The CFR "is the codification of the general and permanent rules published in the Federal Register by the executive departments and agencies of the Federal Government." *Kingston Mt. Manor I v. Keeton*, 4th Dist. Pickaway No. 18CA15, 2019-Ohio-3260, ¶ 12. The federal statute and federal regulation cited by the Fredericks are not part of the FAA, and they are not Florida law; therefore, under the Agreements at issue they are not applicable to the case at hand.

{¶ 22} Furthermore, *Lyons* is inapposite to the case at hand. In *Lyons*, the 4th Circuit Court of Appeals held that "a provision of the Dodd-Frank Wall Street Reform and Consumer Protection Act * * * that amends [the Truth in Lending Act] prohibits consumer agreements related to residential mortgage loans from requiring the arbitration of claims." *Lyons* at 183. *Lyons* does not apply the FAA or Florida law to determine the arbitrability of a dispute involving the Timeshare Agreement.[1]

{¶ 23} Accordingly, the Fredericks' second assignment of error is overruled.

---

[1] In the spirit of transparency, we note that *Lyons* cites to the FAA, specifically 9 U.S.C. 16(b), to determine whether there was a final appealable order in the case. "It is true that orders compelling arbitration are usually not appealable under []16(b) of the [FAA]. But as many of our sister courts have found, this prohibition does not apply to pendent appellate jurisdiction." *Lyons* at 189-190.

## D. Unconscionable Agreement

{¶ 24} Under their third assignment of error, the Fredericks argue that the "trial court erred in enforcing an unconscionable agreement." We ascertain from the Fredericks' appellate brief that they are challenging the arbitration clause — and not the Agreements in toto — under this assignment of error. Once again, we turn to the Fredericks' issue presented in their appellate brief: "Is an arbitration agreement unconscionable when (1) procedurally, it is adhesive, presented on a take-it-or-leave-it basis, and designed to further the perpetration of a fraud, and (2) substantively, it contains oppressive costs and venue provisions?"

{¶ 25} As noted, the delegation clause in the case at hand, which is found within the arbitration clause of the Timeshare Agreement, states that "the Arbitrator * * * shall have exclusive authority to resolve any dispute * * * including * * * relating to the existence, scope, validity, enforceability, or performance of this sub-Section 26(a) * * *." The United States Supreme Court has held the following regarding delegation clauses: "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the * * * courts to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-A-Center, W., Inc.*, 561 U.S. at 70, 130 S.Ct. 2772, 177 L.Ed.2d 403.

{¶ 26} Federal courts have interpreted the FAA to allow parties to contract around the directive that courts should decide issues of arbitrability.

> [T]he FAA permits the parties to a commercial agreement to contract
> around this general rule and reserve the question of contract formation

and other issues of contract validity for arbitration. Some arbitration agreements contain an ancillary agreement, a so-called delegation clause, to delegate certain "gateway" questions of arbitrability, "such as whether the parties have agreed to arbitrate or whether their agreements covers a particular controversy," and have them decided by an arbitrator and not a court.

*In re AME Church Emp. Ret. Fund Litigation*, 2023 U.S. Dist. LEXIS 220192, 32 (W.Dist. Tenn. 2023), quoting *Rent-A-Center, W., Inc.,* 561 U.S. at 68-69. *See also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 1, 139 S.Ct. 524, 530, 202 L.Ed.2d 480 (2019) ("[I]f a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue."); *Chaudhri v. StockX, L.L.C. (In re StockX Customer Data Sec. Breach Litigation),* 19 F.4th 873, 886 (6th Cir. 2021), quoting *Rent-A-Center, W., Inc.,* 561 U.S. at 71-72 (to have this threshold issue decided by a court, "plaintiffs were required to show that '*the basis of [their] challenge* [is] directed specifically' to the 'delegation provision.'"). (Emphasis sic.)

{¶ 27} In *Becker v. Delek US Energy, Inc.*, 39 F.4th 351, 356 (6th Cir. 2022), the court further explained just how specific a challenge to the delegation clause must be to succeed:

> A party fails to make this showing if its challenge to a delegation clause "simply recycle[s] the same arguments that pertain to the enforceability of the agreement as a whole." [*StockX* at 886.] Thus, a party's challenge to a delegation clause must rest, in part, on different factual or legal grounds than the ones supporting its challenge to the arbitration agreement as a whole. *See id.* at 887 (an agreement must "operate[] on the delegation clause * * * differently" tha[n] it does on the arbitration agreement as a whole).

{¶ 28} Turning to the case at hand, the Fredericks argue that the arbitration clause is both procedurally and substantively unconscionable. However, the Fredericks make no mention of, much less challenge to, the delegation clause in their appellate brief.[2] As explained, only specific challenges to the delegation clause can survive the delegation clause's mandate of arbitration. Therefore, the question of the enforceability of the arbitration clause, including whether it is unconscionable, must be answered by the arbitrator.

{¶ 29} Accordingly, the third assignment of error is overruled.

**E. Hearing on Motion to Compel Arbitration**

{¶ 30} In their fourth and final assignment of error, the Fredericks argue that the "court erred in ruling on [Bluegreen's] Motion to Compel without holding a hearing and without making findings * * *." The Fredericks only cite Ohio law to support this argument. As noted previously, Ohio law does not apply to the case at hand.

{¶ 31} Pursuant to the FAA, which does govern this case, "[i]f the making of the arbitration agreement [is] in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. 4. Courts have interpreted this FAA directive as follows:

> When it's apparent from a quick look at the case that no material disputes of fact exist it may be permissible and efficient for a * * * court to decide the arbitration question as a matter of law through motions

---

[2] The Fredericks refer to the delegation clause in their reply brief as a response to Bluegreen's argument on appeal that "[w]hen the relevant contract contains a delegation clause, * * * the only matter left for a court's determination is a challenge aimed specifically against the delegation clause itself * * *." It is axiomatic that a "party may not advance new arguments in its reply brief." *Naiman Family Partners, L.P. v. Saylor*, 8th Dist. Cuyahoga No. 108607, 2020-Ohio-4987, ¶ 25.

practice and viewing the facts in the light most favorable to the party opposing arbitration. * * * in these circumstances, the [FAA's] summary trial can look a lot like summary judgment. But when * * * a quick look at the case suggests material disputes of fact do exist on the question whether the parties agreed to arbitrate, round after round of discovery and motions practice isn't the answer. Parties should not have to endure years of waiting and exhaust legions of photocopiers in discovery and motions practice merely to learn where their dispute will be heard. The [FAA] requires courts process the venue question quickly so the parties can get on with the merits of their dispute in the right forum. It calls for a summary trial — not death by discovery.

(Emphasis omitted.) *Howard v. Ferrellgas Partners, L.P.,* 748 F.3d 975, 978 (10th Cir.2014).

{¶ 32} In the case at hand, there is an enforceable delegation clause that renders this assignment of error moot, because the "validity, enforceability or performance" of the arbitration clause must be decided by the arbitrator. Accordingly, the Fredericks' fourth and final assignment of error is overruled as moot.

{¶ 33} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MARY EILEEN KILBANE, P.J., and
EMANUELLA D. GROVES, J., CONCUR